FILED

2003 DEC 18  P 12: 19

US DISTRICT

UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | |
|---|---|
| DAVID BRUNO | } |
| Plaintiff | } |
| | }     CIVIL ACTION NO. |
| V. | }     3: 02CV2192 (WWE) |
| GREENWICH BOARD OF EDUCATION | } DECEMBER 5, 2003 |
| Defendant | } |

**FIRST AMENDED COMPLAINT**

I.  **Preliminary Statement**

1. This action is brought by the Plaintiff to secure rights conferred upon him by the Fourteenth Amendment, *Individuals with Disabilities Education Act (IDEA)*, 20 U.S.C. §1400 *et seq.* and regulations thereunder, *Section 504 of the Rehabilitation Act of 1973, as amended,* 29 U.S.C. §794 and regulations thereunder, and state special education laws. *Conn. Gen. Stat. §10-76 et seq.* and regulations thereunder, and Connecticut's *Uniform Administrative Procedures Act, Conn. Gen. Stat.* §4-166 *et seq.*

2. The Plaintiff is appealing a final decision issued by Due Process Hearing Officer Margaret Slez dated October 29, 2002 denying his request for a free appropriate public education pursuant to the IDEA. A copy of the administrative decision has been annexed to this Complaint as Appendix A.

3. The Plaintiff and Defendant Greenwich Board of Education through its Director of Special Education Mary Forde were parties to the administrative proceedings before the Due Process Hearing Officer.

4. The Plaintiff seeks the reversal of the Due Process Hearing Officer's final decision and an award of appropriate relief under the U.S. Constitution, *IDEA, Section 504,* and applicable state law. *Conn. Gen. Stat.* §10-76 *et seq. and Conn. Gen. Stat.* §4-183.

## II.     Jurisdiction and Venue

5. Jurisdiction is conferred upon the Court pursuant to 20 U.S.C. §1415(I)(2)(A), and 28 U.S.C. §§1331,1367.

6. The Plaintiff's claims arise under and are authorized by federal and state law including the *IDEA, Section 504, and Conn. Gen. Stat.* §§10-76 *et seq.,* 4-183. The Court may exercise supplemental jurisdiction over any state law claims.

7. Venue is within the District of Connecticut since the action arose within Connecticut and the parties are residents of Connecticut or local government entities located within Connecticut.

## III.    Parties

8. The Plaintiff is a twenty-one year old student who was diagnosed with Asperger's Syndrome and identified by the Defendant with an emotional disability. The Defendant found the Plaintiff eligible to receive special education and related services pursuant to the IDEA, Section 504, and applicable state law by a pupil

2

planning team meeting (PPT) convened by the Defendant Greenwich Board of Education (hereinafter the Board or Defendant).

9. The Plaintiff resides together with his mother in Greenwich, Connecticut. The Plaintiff currently attends a specialized post-secondary education program for students with learning difficulties at Mitchell College, New London, CT. Prior to his graduation in June, 2000, he had attended Greenwich High School.

10. Defendant is the local educational agency that is responsible for providing Plaintiff with a free appropriate public education pursuant to federal and state special education laws and is a recipient of federal financial assistance from the U.S. Department of Education and upon information belief from other federal agencies.

## IV.   **Factual Allegations**

11. The Plaintiff is appealing the final decision of Due Process Hearing Officer Margaret Slez dated October 29, 2002. He has exhausted available administrative remedies within the State Department of Education.

12. The Plaintiff is aggrieved by the final decision of the Due Process Hearing Officer that denied him the relief requested in the administrative hearing.

13. The Plaintiff had requested compensatory education, an independent evaluation, and other services from the Defendant at a September 5, 2001 PPT after it was determined that he had been denied a free appropriate education and was improperly graduated from Greenwich High School in June, 2000.

14. On April 16, 1999, the Defendant convened a PPT meeting to review Plaintiff's educational program and progress during the 1998-1999 school year and to develop an individual education program (hereinafter IEP) for the 1999-2000 school year. At that PPT meeting the Plaintiff and the Board had reviewed his educational progress for the previous school year, discussed various progress reports and recommendations, and proposed a program and placement for the 1999-2000 school year that included a projected goal of graduation.

15. Plaintiff's mother informed the Board at the PPT that she had disagreed with the progress reports and the Board's recommendations that included projected graduation at the end of the 1999-2000 school year because of unmet special education, social, vocational and other needs. The Board did not address the concerns presented by the Plaintiff's mother at this PPT.

16. On or about December 14, 1999, the Plaintiff and his mother and the Board attended a PPT meeting to review the lack of progress on his educational goals and objectives, attendance issues, and other concerns with the 1999-2000 school year. The parties agreed to some minor revisions to the Plaintiff's educational program at that meeting.

17. The parties agreed to meet at a PPT meeting during January, 2000 to review the Plaintiff's progress. Defendant never convened that PPT meeting and the Plaintiff's progress was never assessed until the end of the school year.

18. On or about May 26, 2000, the Defendant convened a PPT meeting approximately three weeks prior to graduation to review the Plaintiff's program and

educational progress. The Defendant determined that the Plaintiff was "on target" to graduate in June, 2000 even though there was substantial evidence that the Plaintiff was not meeting his special educational goals and objectives and that the Defendant was not providing the special education services as described in the April 19, 1999 IEP.

19. The IEP transition services plan, including the objective to assist the Plaintiff to apply and transition to post-secondary education set forth in the IEP was never implemented by the Defendant.

20. The Plaintiff and his mother were led to believe that the Plaintiff would remain eligible for special education and related services for at least one year after the June, 2000 graduation based upon the information provided to them by the Defendant at this PPT meeting.

21. The Plaintiff and his mother were led to believe that the Defendant would convene a PPT during May, 2001 to review his needs based upon information provided to them by the Defendant at that PPT meeting.

22. The Plaintiff was employed part time at a local pet store during the 1999-2000 school year, a job placement arranged by the Defendant, as part of the IEP.

23. The Plaintiff was supposed to receive vocational training and job supports from the Defendant at this place of employment, as part of the IEP, but did not receive any direct support or training from the Defendant.

24. The Plaintiff understood that the Defendant would continue to provide him with vocational and other supports at this job after June, 2000, because of his needs.

25. The Defendant failed to provide the Plaintiff with any supports at this job site after June, 2000 and he was eventually terminated by the employer for inappropriate conduct and behaviors during October, 2000.

26. Plaintiff remained unemployed for over one year and did not receive any further vocational training or supports from the Defendant during this period.

27. Plaintiff did not apply to or attend any post-secondary programs upon graduation and had to wait over two years in order to attend a specialized post-secondary program at Mitchell College.

28. During October, 2000, the Plaintiff contacted the Defendant and requested educational and vocational assistance after he was discharged from his pet store job. Defendant declined Plaintiff's request and referred him instead to BRS, a State agency that provides vocational rehabilitation services.

28. Plaintiff contacted BRS, an agency that was supposed to assist him after graduation; however, that agency did not provide him with appropriate vocational rehabilitation or employment assistance. Plaintiff remained unemployed for approximately one year thereafter until he was able to secure on his own a part time job at a local book store where he was employed for approximately six months.

29. After the Defendant failed to convene a PPT meeting during May, 2001 as expected, the Plaintiff, on July 3, 2001, contacted the Board to request that a PPT meeting be scheduled in order to discuss his ongoing special education needs.

30. On September 5, 2001, the Defendant convened the PPT meeting requested by the Plaintiff. At that meeting the Plaintiff requested an independent education evaluation, compensatory education and post-secondary educational placement and services that were appropriate to his needs in order to remedy the denial of appropriate special education and related services when he was a student at Greenwich High School.

31. Defendant apparently denied the Plaintiff's requests at this PPT for compensatory educational services, reimbursement for an independent evaluation and for post-secondary coursework or placement that would remediate the denial of a free appropriate public education while he was a student at Greenwich High School.

32. Plaintiff was never formally notified of that PPT decision until January, 2002 when his counsel requested and received a copy of the September 5, 2001 IEP from the Defendant.

33. As a student with a disability, the Plaintiff remained eligible to receive special education and related services through his twenty first birthday, 34 C.F.R. §300.121(a); unless it was determined that he was properly awarded a high school diploma before that date.

34. Defendant socially promoted the Plaintiff from grade to grade during high school and awarded grades that were inconsistent with his academic performance, effort and attendance, especially during the 1999-2000 school year.

35. Plaintiff did not meet his IEP goals and objectives for the 1999-2000 school year. Despite substantial evidence of that fact, the Defendant stated that he was "on track" to graduate and proceeded to issue him a high school diploma during June, 2000.

36. Defendant failed to provide the Plaintiff or his mother with any progress reports that ever established that the Plaintiff made appropriate progress on his 1999-2000 IEP goals and objectives, as required by 34 C.F.R. §300. 347(a)(2).

37. Defendant's IEP forms utilized in this proceeding have never been approved by the State Department of Education for compliance with the IDEA, last revised by Congress in 1997.

38. Plaintiff or his mother failed to receive any proper notices as required by the IDEA, including procedural notice and rights as required by the IDEA.

39. Defendant's IEP forms failed to ever inform the Plaintiff or his mother, at any relevant time, that his rights would vest upon reaching age eighteen, as required by 34 C.F.R. §300.503.

40. Defendant's IEP failed to ever provide the Plaintiff or his mother, at any relevant time, of any written prior notice of Board decisions, proposed decisions, alternative options considered and rejected, and evaluation procedures utilized as required by 34 C.F.R. §300.503(a).

41. Defendant's IEP, including transition services plan was never implemented as written, and as written, it failed to provide the Plaintiff, at any relevant time, with a coordinated set of activities, failed to include an outcome oriented goal, taking into account his needs, interests and preferences, and failed to provide any appropriate employment or adult living objectives, including post-secondary placement opportunities upon graduation.

42. In a letter dated April 24, 2002, the Plaintiff requested a Due Process Hearing from the State Department of Education as provided for in the IDEA, Section 504, and applicable state law.

43. Due Process Hearing Officer Margaret Slez was appointed by the State Department of Education to hear the Plaintiff's appeal pursuant to the IDEA and applicable state law. The issues before the Due Process Hearing Officer were: whether the Board had offered the Plaintiff an appropriate special education program and placement for the 2000-2001 and 2001-2002 school year, and if not, whether the Plaintiff was entitled to be reimbursed for the costs of the independent educational evaluation, whether the Plaintiff had been properly graduated during June, 2000, and whether the Plaintiff was entitled to compensatory education services.

44. Plaintiff's receipt of a high school diploma did not negate his right to receive compensatory special education services after high school as a proper remedy to a denial of a free appropriate public education.

45.     Prior to the commencement of the Due Process Hearing, the Plaintiff was placed at a specialized post-secondary program at Mitchell College, by his parent for the 2002-2003 school year consistent with the information provided to the Defendant at the September 5, 2001 PPT. The Mitchell College program provides specialized supports and modified coursework commensurate with the Plaintiff's needs.

46.     Since that time, the Plaintiff and his family have been paying all costs for that private school including the tuition costs and other incidental educational costs for the 2002-2003 school year, in addition to securing proceeds from a student loan and applying for financial aid.

47.     During October, 2001, prior to the commencement of the Due Process Hearing, the Plaintiff had arranged to be evaluated by Dr. Adrienne Smaller, a licensed psychologist. This report of this independent evaluation prepared by Dr. Smaller were introduced as part of the Plaintiff's evidence in the Due Process Hearing.

48.     In addition, the Plaintiff had presented testimony from the Director of the specialized post-secondary program at Mitchell College, New London, CT regarding that program and his progress at that school.

49.     The Due Process Hearing Officer had accepted all of the exhibits introduced by the Plaintiff.

50.     The Plaintiff introduced testimony from himself, his mother and his teachers and social workers, Dr. Smaller, in addition to other evidence during the

hearing in order to establish that the 1999-2000 IEP was not appropriate to his needs, that he had not made progress on the IEP goals and objectives, including the transition services plan, and that he was entitled to receive compensatory educational services to remedy the Defendant's denial of a free appropriate public education. These witnesses testified in support of the Plaintiff's contention that the 1999-2000 IEP was not appropriate for his special education needs and that he had not made appropriate progress on that IEP.

51.     Defendant's personnel had testified that services described in the Plaintiff's IEP were not delivered to him during the 1999-2000 school year as more fully described in his IEP. In addition, Defendant's personnel had testified that Plaintiff's progress was inconsistent with the IEP goals and objectives. The Hearing Officer failed to consider this evidence in her final decision.

52.     Dr. Smaller had testified regarding her evaluation report and the recommendations therein, as more fully set out in her November 20, 2001 report. She found significant unremediated special educational issues that required extensive educational, vocational and social skill training in contrast to the Board's position that the Plaintiff had received appropriate services. Dr. Smaller found the 1999-2000 IEP to be inappropriate for the Plaintiff and recommended additional post-secondary special education services, including the specialized program at Mitchell College. The Due Process Hearing Officer failed to discuss or consider this evidence in the final decision.

53.   The Hearing Officer failed to discuss or consider in her final decision the testimony of the Plaintiff and his mother regarding their concerns regarding the lack of an appropriate program for the Plaintiff during high school, including, but not limited to the fact that the Board's program had not met Plaintiff's needs in high school, that the Plaintiff had not met IEP goals and objectives, including transition services plan, and he had significant unmet special education, vocational, social and other needs prior to his graduation.

54.   The Due Process Hearing Officer issued a final decision dated October 29, 2002 and found that the Board's decision to graduate the Plaintiff in June 2000 was appropriate and she denied each of the Plaintiff's requests for relief.

55.   The Hearing Officer's final decision was erroneous as a matter of law because she failed to consider the substantial evidence on the record that had established that the Board had failed to provide the Plaintiff with a free appropriate public education as required by the IDEA and other laws during the 1999-2000 school year and that he should have received another two years of special education services during 2000-2001 and 2001-2002.

56.   The Due Process Hearing Officer's decision to ignore other relevant testimony and substantial evidence regarding the Plaintiff, including the Board's complete failure to have any current evaluation reports to support the graduation decision; failure to provide any progress reports; failure to provide proper notice of the graduation, failure to provide proper notice of the transfer of rights upon age eighteen, and failure to provide any written prior notice of the decision at any

relevant PPT meetings during the 1998-1999 and 1999-2000 school years was arbitrary, capricious and not supported by fact, law or the record.

57. The Due Process Hearing Officer's failure to consider or discuss relevant testimony and evidence from Dr. Smaller, Mitchell College personnel, the parent and Plaintiff regarding his unmet needs and the inappropriate program and placement at Greenwich High School was arbitrary, capricious, and erroneous as a matter of law, since the IDEA and Connecticut's administrative hearings procedures require that final decisions are to be based upon substantial evidence on the record of the entire proceeding.

58. The Plaintiff is aggrieved by the final decision of the Due Process Hearing Officer because he did not receive an appropriate educational program from the Defendant Board during the 1999-2000 school year, was improperly graduated, and was denied special education and related services for the 2000-2001 and 2001-2002 school years, as well as costs for those two years. Consequently, the Plaintiff has been forced to incur expenditures related to tuition for the specialized program at Mitchell College, transportation costs, incidental education costs, and has incurred other associated costs, including borrowing money to pay for the specialized program of post-secondary instruction provided at Mitchell College in order to meet his needs.

## V. Causes of Action

59. Paragraphs 1 through 58 are incorporated herein by reference into each of the causes of action that follow:

### First Cause of Action

60. The final decision of the Due Process Hearing Officer has violated the Plaintiff's rights to receive a free appropriate public education as provided for by the IDEA. 20 U.S.C. §1400 *et seq.* and regulations thereunder.

### Second Cause of Action

61. The final decision of the Due Process Hearing Officer has violated the Plaintiff's right to receive a free appropriate public education as provided for in Section 504, in addition to other civil rights as provided therein on the basis of his emotional and other disabilities, in violation of the *Rehabilitation Act of 1973, as amended.* 29 U.S.C. §794 *et seq.*

### Third Cause of Action

62. The final decision of the Due Process Hearing Officer has violated the Plaintiff's right to Due Process of Law as secured by the Fourteenth Amendment to the U.S. Constitution.

### Fourth Cause of Action

63. The final decision of the Due Process Hearing Officer has violated the Plaintiff's rights under state special education law, *Conn. Gen. Stat. §10-76 et seq.*; and Connecticut's administrative procedure's act, *Conn. Gen. Stat. §4-166 et seq.*,

for the reasons that it was not based upon substantial evidence on the record, was contrary to the evidence on the record, was based upon unlawful procedure, and was arbitrary, capricious and illegal.

## VI. Claims for Relief

64. The Plaintiff respectfully requests the Court to:

   a) Assume jurisdiction over this matter

   b) Reverse the Final Decision of the Due Process Hearing Officer.

   c) Award him an appropriate compensatory special education services for two years.

   d) Award the costs associated with the independent evaluation and costs associated with his specialized placement at Mitchell College, including tuition, transportation, incidental educational costs, and costs associated with financing each of those costs.

   e) Award a reasonable attorney's fee and costs.

   f) Grant any other legal or equitable relief deemed just and proper.

PLAINTIFF

By_____
Lawrence W. Berliner
Howard Klebanoff, P.C.
Corporate Center West
433 South Main Street, Suite 102
West Hartford, CT 06110
(860) 313-5005
Fed. Bar No. CT 7002