UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| DAVID BRUNO | } | |
| | } | |
| Plaintiff | } | |
| | | |
| V. | } | CIVIL ACTION NO. |
| | | |
| GREENWICH BOARD OF EDUCATION | } | 3:02 CV 02192 (WWE) |
| | } | |
| Defendants | } | JUNE 1, 2004 |

**PLAINTIFF'S STATEMENT OF MATERIAL FACTS NOT IN DISPUTE IN SUPPORT OF PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT**

In accordance with the provisions of the Local Rules of Civil Procedure §9(c), as amended by Local Rule 56(a), the plaintiff submits the following as his statement of material facts not in dispute:

1. The plaintiff was a student enrolled in Greenwich Public Schools.

2. The Plaintiff had been identified by the Defendant as a student with Asperger's Syndrome and ADHD and had been identified by the Defendant as a student in need of special education and related services in 1993. Decision FOF Nos. 1, 2 AR-1, p.2.

3. The defendant had placed the plaintiff at private special education school through the 1995-1996 school year at Greenwich High School for the 1996-1997, 1997-1998, 1998-1999 and 1999-2000 school years. Decision FOF No. 1 Id.

4. The plaintiff turned age 18 during September, 1999. <u>Decision FOF No</u>. 3 AR-p.2

5. Plaintiff's parent's rights to make educational decisions transferred to plaintiff on his eighteenth birthday per State and federal special education law. <u>Decision FOF</u> No. 3 <u>Id.</u>

6. Asperger's Syndrome has been characterized by the American Psychiatric Association as an impairment of social interaction, restricted repetitive and stereotyped patterns of behaviors and activities, that result in clinically significant delay in language, motor skills, and its condition is considered lifelong. DSM-IV §299.80. ADHD is characterized by the American Psychiatric Association as having features that include a persistent pattern of inattention, hyperactivity, impulsivity, that may manifest in academic, social, and occupational situations. Appendix to plaintiff's Memorandum of Law in Support of Motion for Summary Judgment.

7. Plaintiff and his parent attended various PPT meetings during the 1997-1998, 1998-1999, and 1999-2000 school years. <u>Decision FOF No</u>. 4 AR-1 p.2.

8. The plaintiff's mother had informed the defendant's school social worker of her concerns that the plaintiff was not ready to graduate at the end of the 1999-00 school year. Transcript of October 18, 2002 Hearing P.186. The school social worker indicated that the plaintiff's mother's concerns had a "rational basis". <u>Id</u>. At p.

9. At a PPT meeting on December 14, 1999, the plaintiff's parent expressed concerns over the plaintiff's progress in Science, Algebra, organizational skills, time

2

management sills, self advocacy, transition planning and not being responsive to school staff requests.  AR-Exhibit P-20(3)

10. The PPT decided to discontinue the science class, restructure his academic privileges if he did not earn a "C" by the next semester, and reconvene a PPT in approximately one month to review the plaintiff's progress.  Id.

11. The plaintiff had counseling goals and objectives in his 1999-2000 IEP, however, the plaintiff did not meet with the school social worker each week as required by the IEP and the school social worker stated that she could not enforce the delivery of the counseling services to the plaintiff.  Decision FOF No. 6 AR-1 p. 3 Transcript of October 18, 2002 Hearing pp 184-85, 190-91.

12. The Defendant did not convene a PPT meeting during January, 2000 to review plaintiff's progress per the minutes of the December 14, 1999 PT.  A-R B-12

13. The defendant convened a PPT meeting on May 26, 2000.  Decision FOF No. 10 AR-1 p.4

14. Plaintiff's parent testified that she had been led to believe at the meeting that the plaintiff would remain eligible for special education and the PPT would reconvene during May, 2001.  Decision FOF No. 10, AR-1 p. 4

15. The plaintiff received his diploma during June, 2000.  Decision FOF No. 8 AR-1 p. 4

16. The parent requested a PPT meeting that was eventually scheduled on September 5, 2001.  Decision FOF No. 10, AR-1 p. 4

17. The plaintiff's parent reported that the plaintiff had not received an appropriate special education program and she requested compensatory education, an independent psychological evaluation and vocational and social skill training for the plaintiff. Decision FOF No. 10, AR-1, pp. 4-5

18. The defendant denied plaintiff's requests and a Due Process hearing was requested. Id. AR Exhibit H.O. 1

19. The plaintiff was evaluated by Dr. Adrienne Smaller who determined that the plaintiff had significant unmet academic, social, and vocational needs. AR-Exhibits, p.29, Decision FOF No. 12 AR-1 p.5

20. Commencing August, 2002, the plaintiff enrolled in a specialized post-secondary program operated by Mitchell College, New London, CT, a program of comprehensive supports and course work modifications per Dr. Smaller's recommendations. Decision, FOF No. 13 AR-1

21. The plaintiff's parent represented that the plaintiff's progress at the specialized program at Mitchell College was problematic and that he had problems with attention and homework. Decision FOF No. 13 AR-1 p.6 AR Exhibit p. 40

22. Congress amended the provisions of the I.D.E.A. in 1997. P.L. 105-17 effective June 4, 1997.

23. The U.S. Department of Education issued final regulations to implement the 1997 amendments to the I.D.E.A. that were effective on May 11, 1999. 64 Fed. Reg. p. 12406(3/11/99)

24. The State Department of Education conducted a compliance review of the defendant's school district in order to determine compliance with the provision of the 1997 amendments to the IDEA and State special education laws.  AR-Exhibit P.42

25. The State Department of Education's Compliance Report made several findings that required corrective action by the defendant to ensure compliance with the 1997 amendments to the IDEA.  Id.

26. The State Department of Education required a plan that established that the defendant used a standardized IEP form that included all required components, including procedural safeguards.  AR-Exhibits P. 42 p.3

27. The State Department of Education requested the defendant to submit a plan establishing that it would provide proper documentation of PPT meeting notifications, provide written prior notice, and that the defendant's IEP contain required information including measurable annual goals, statement of transitional services informing a student that rights would transfer upon age 18, and how parents would be informed of progress.  AR-Exhibit P-42 p.4

28. The defendant agreed to provide the State Department of Education with a plan to ensure the school district's compliance with the 1997 provisions to the IDEA.  AR Exhibit P-42 p.5

29. On April 14, 1999, the defendant submitted its IEP form of procedural safeguards and PPT meeting notes forms to the State Department of Education for review, per a request dated March 15, 1999 for the State Department of Education. AR-Exhibits P-42 pp. 6,7.

30. In a letter dated August 11, 1999, the State Department of Education advised the defendant that its IEP forms required revisions before they could be approved as in compliance with the 1997 Amendments to the I.D.E.A. AR- Exhibit P-42 p.9

31. On October 18, 1999, the defendant submitted proposed revisions to its IEP forms to the State Department of Education. AR Exhibit P-42 p. 73

32. In a Memo dated March 3, 2000, the State Department of Education advised the defendant that its IEP forms had not been approved as in compliance with the 1997 amendment to the I.D.E.A.

33. The defendant's IEP dated April 16, 1999 indicated that the date of the plaintiff's next triennial evaluation would be on March 1, 2002, A-R B-8(1)

34. The defendant's IEP dated April 16, 1999 contained goals and objectives for the 1999-00 school year requiring the plaintiff to obtain grades of "C" or better in World Literature, Crime and Justice, Algebra II, and organizational skills. A-R P-17 (5),(6),(7),(8)

35. The plaintiff's report card indicated he had received a final grade of "D" in World Literature, "D" in Algebra II and "D" in Lifetime sports. A-R B-17(1)

36. The defendant's Student Handbook does not list any credit courses for Resource Room, Support Resource. A-R P-39

37. Plaintiff's report card indicated that he had earned 2.5 credits towards his high school diploma for Resource Room and Support Resource. A-R B-17(3)

38. The School Social Worker had indicated that the plaintiff's mother had conferred with her during the 1999-2000 school year regarding her concerns that the plaintiff was not ready to graduate from Greenwich High School. <u>Transcript of October 18, 2002.</u> Item p. 186.

39. The school social worker indicated that she did not provide counseling services specified in plaintiff's 1999 IEP, a transcript of October 18, 2002 hearing. Pp. 189-90; nor is there any record that the plaintiff's IEP had been modified at the PPT meeting on December 14, 1999. A-R B-12(3)

40. The plaintiff was evaluated by Dr. Smaller during October and November, 2001. A-R P-29

41. Dr. Smaller found that the plaintiff had many significant unmet academic, social, and vocational needs and recommended a specialized training program operated by the Mitchell College and other schools in order to meet those needs. <u>Id.</u>

42. The defendant's IEP forms used between April 16, 1999 and December 14, 1999 did not contain any written prior notice. A-R-B-8, B-12

43. The defendant did not introduce any copies of its 1998-99 or 1999-00 school year notices of procedural safeguards, as exhibits in the administrative hearing.

44. The IEP form used by the defendant at the May 26, 2000 PPT contained the phrase written prior notice, but "N/A" indicating not applicable was inserted in the section "actions refused by the district" and "action considered but not recommended by the PPT". A-R B-16 (2)

45. The State Department of Education has authority to review and approve the defendant's IEP forms. RSA 10-76d-11I(d)

46. As of March, 2000, the State Department of Education had not provided its approval to the defendant establishing that its IEP forms had complied with the 1997 Amendments to the I.D.E.A. A-R-P-42(39)

47. The plaintiff had an individual transition plan that was part of his 1999-00 IEP that indicated that he was not making appropriate progress in applying to college or post-secondary vocational schools. A-R B-8(9)

48. On December 14, 1999, the defendant convened a PPT to review the plaintiff's progress and it noted that the plaintiff was not attending science class, was failing Algebra II, needed additional support for organizational skills, and was not responsive to school staff requests with respect to his behavior. A-R B-12(3)

49. The defendant determined that the plaintiff was "on target" to graduate at the May 26, 2000 PPT. A-R B-16(2)

50. The plaintiff's 1999-00 IEP did not contain any graduation or exit criteria. A-R B-8, B-16

51. The defendant did not provide the plaintiff with prior written notice of graduation at the PPT meetings on April 16, 1999, December 14, 1999 or May 26, 2000. A-R B-8, B-12, B-16

52. The plaintiff graduated from Greenwich High School approximately three weeks following the May 26, 2000 PPT meeting.

53. The plaintiff had been evaluated by the defendant as well as professionals retained by the plaintiff's parents during the period July 1992 to March 1999.  A-R  P-1, P-6, P-7, P-9, P-12, P-17

54. These evaluation reports established that the plaintiff had cognitive impairments, poorly developed social skills, poor concentration, perseveration in thought processes, disorganized and illogical thinking, impulsive decision making and poor judgment.  Id.

55. The plaintiff and/or his parent had incurred expenditures for the evaluation by Dr. Smaller and educational expenses at Mitchell College.

                          PLAINTIFF

By_____
  Lawrence W. Berliner
  Klebanoff & Alfano, P.C.
  Corporate Center West
  433 South Main Street Suite 102
  West Hartford, CT 06110
  Tel. No.  (860) 313-5005
  Fed. Bar No. CT 7002

### CERTIFICATION

This is to certify that a copy of the foregoing was mailed this date by U.S. Mail first class, postage prepaid to Attorney Valerie Maze, Assistant Town Attorney, Town Hall, 101 Field Point Road, Greenwich, CT.

_____
Attorney Lawrence W. Berliner