UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

```
------------------------------------------------------------X
DAVID BRUNO                            :        CIVIL ACTION NO.
                                       :        3: 02CV2192 (WWE)
                    Plaintiff,         :
v.                                     :
                                       :
                                       :
GREENWICH BOARD OF EDUCATION           :
                                       :
                    Defendant.         :
------------------------------------------------------------X        May 28, 2004
```

**Defendant's Local Rule 56(a)(1) Statement**

1.      The plaintiff David Bruno's date of birth was September 14, 1981.

                            Hearing exhibit B-1


2.      The plaintiff David Bruno (hereinafter "the plaintiff")  attended Greenwich High School during school years 1996-1997, 1998-1999, and 1999-2000.

                            Hearing exhibit B-17 (high school transcript)

3.      The plaintiff had an individualized education program ("IEP") and received special education services throughout high school.

                            High School IEPs: Hearing exhibit P-10; Hearing exhibit P-12; Hearing exhibit P-17; Hearing exhibit P-21.


4.      David Bruno required special education in high school:  In 1999, David Bruno was dealing with many typical adolescent developmental issues and was able to find activities in school consistent with his interests; he also, however, experienced anxiety about social situations and lacked some of the more subtle skills to maintain friendships.

                            Hearing Exhibit B-6, p.2 (psychological evaluation)

5.      Educationally, in 1999 – 2000, David was a capable, competent student especially in the area of reading comprehension but he could fall behind on class work, especially homework.  If he wasn't interested in the subject he could be task avoidant. In addition, David could be rigid in his thinking and, at times, resistant to support/ external structures meant to keep him organized and up to date on his assignments.  David was, at times, socially immature.

> B-8, p.2 (99-00 IEP) (Present Level of Educational Performance).

5.      The plaintiff David Bruno (hereinafter "the plaintiff")  graduated from Greenwich High School on or about June 22, 2000 at age 18 with a regular high school diploma.

> Final Decision and Order 02-138 (hereinafter "Final Decision") p.1; Id., Finding of Fact, p.4, ¶ 8; Testimony of Claude Frank, September 5, 2002, pp. 26, 47 – 48;  Hearing exhibit B-17 (high school transcript);  Stipulation by plaintiff's counsel, July 19,  2002, p.9

6.      For the plaintiff, graduation from Greenwich High School was the end to a "significant part" of his life and the end of a lot of fun, possibly the best four years of his life.  The plaintiff understood graduation to be the end of his time at the high school and he was not interested in an alternative discussed by the PPT meeting, to continue at the Board high school and graduate mid-year during the 2000-2001 school year. The plaintiff did not want to be in school anymore, he did not want to take more courses.  He knew he had taken the prerequisites for graduation in one form or another; no one told him he did not have the prerequisites to graduate.  The plaintiff had no expectation of post-graduation services from the Greenwich Board of Education.

> Final Decision, Findings of Fact, pp. 4, ¶7; testimony of the plaintiff, July 31, 2002, pp. 72 – 75, 118

7.      While attending Greenwich High School the plaintiff advanced from grade to grade and earned a 2.3 cumulative grade point average, i.e., passing marks.

> Final Decision, Findings of Fact, p.3, ¶ 5; Hearing exhibit P-23, p. 1

8.     The plaintiff experienced positive growth in his friendships with peers from ninth grade through senior year and had enjoyable involvement in a school role-playing/strategy club.

> Final Decision, Findings of Fact p-3, ¶ 5; Plaintiff's testimony July 31, 2002, p. 72, 75.

9.     The Board provided meaningful educational benefits to the plaintiff.

10.     After high school, the plaintiff wanted to work for a year in order to earn money and have "real world experience," which he thought would be helpful if he needed to get a job during college.

> Final Decision, Findings of Fact, p-3, ¶ 5; Plaintiff's testimony July 31, 2002, pp. 52, 53.

11.     From April of his senior year in high school to the date of graduation, without on-going supervision or job coaching, the plaintiff was successfully employed in a part-time job.

> Final Decision, Findings of Fact, p.3, ¶ 5;  Plaintiff's testimony July 31, 2002. pp. 52 - 54

12.     After graduation, the plaintiff continued in the job he had begun in April 2000 and, without job-coaching or other monitoring, successfully worked there full-time until October 2000.

> Final Decision, Findings of Fact, p. 4, ¶ 9; testimony of plaintiff, July 31, 2002, pp 51 - 52.

13.     The plaintiff currently attends Mitchell College.

14.     David is taking college courses at Mitchell College.

> Testimony of Prof. Peter Troiano,
> September 4, 2002, pp. 95 - 96

15.     Mitchell College is a private independent college offering both associate and bachelor degree programs.

> Hearing exhibit P-36, p.7

16.     Mitchell College is fully accredited by the New England Association of Schools and Colleges.

> Hearing exhibit P-36, p.7

17.     The plaintiff did not seek rescission of the high school diploma.

> Final Decision, Findings of Fact, p.4, ¶8

18.     The plaintiff and his parent participated in IEP meetings on May 19, 1998, April 16, 1999 and May 26, 2000; the IEP developed at each of those meetings clearly stated the student's anticipated date of graduation as June 2000.

> Final Decision, Conclusions of Law, pp.
> 6-7 ¶ 3; Findings of Fact, p.2, ¶ 3-4.
> Hearing exhibit P-10, pp. 1,8; Hearing
> exhibit P-12, pp. 1,18; Hearing exhibit P-
> 17, pp.1, 10; and Hearing exhibit P-21,
> pp. 1 - 2.

19.     At no time during the plaintiff's four years at the Greenwich high school did the PPT modify the state requirements for the plaintiff, as permitted by C.G.S. Sec. 10-221a, nor had the PPT determined at any time that the state requirements were inappropriate for the plaintiff.

> Exhibit P.39, p.3. Final Decision,
> Findings of Fact, p.4, ¶ 8. Exhibit P-23;
> Testimony of Claude Frank,
> housemaster of Board high school,
> September 5, 2002, pp.47 - 49

20.    The student turned 18 years old in September 1999, during the fall of the student's senior year in high school, at which time the parent's rights transferred to the student.

Final Decision, Findings of Fact, p.2, ¶3

21.    The plaintiff (and his mother) attended a PPT meeting on December 14, 1999, six  months before the anticipated date of graduation.

Final Decision, p.2, Findings of Fact ¶4.
Hearing exhibit P-20

22.    At the time of the December 14, 1999 PPT meeting, the plaintiff was eighteen years old.

23.    Additionally, the parent and the student participated in a PPT meeting on December 14, 1999, six months prior to the anticipated graduation. Although college plans, employment and behavior concerns were discussed at the meeting, there was no discussion that graduation requirements needed to be modified or that graduation should be postponed.

Final Decision, Conclusions of Law, pp. 6-7 ¶ 3; Findings of Fact, p.2, ¶ 3-4; Hearing exhibit P-20.

24.    The end of the 1999-2000 school year, the plaintiff had successfully met the requirements for graduation as set forth in C.G.S. Sec. 10-221a and as set forth in the Board high school course of study. On June 22, 2000, at age 18, the plaintiff graduated from the Board high school with a regular high school diploma.

Exhibit P.39, p.3. Final Decision, Findings of Fact, p.4, ¶ 8. Exhibit P-23; Testimony of Claude Frank, housemaster of Greenwich High School, September 5, 2002, pp. 26,47 - 48

25.    Mitchell College is a fully accredited, two-year college, which provides services for all students with disabilities as well as tutoring and learning

centers for students diagnosed with ADD/ADHD.  Mitchell College offers no remedial or high school courses.

> Final  Decision, Findings of Fact, p-5, ¶ 13.  Testimony of Dr. Peter Troiano, Mitchell  College  academic  dean, September 4, 2002, pp. 88, 92, 93, 111

26.    Prior to and after his high school graduation, David Bruno was provided with vocational services from the Bureau of Rehabilitation Services for the State of Connecticut.  More services were available but the plaintiff did not follow up.

> Testimony of Brenda Moore, Bureau of Rehabilitation Services October 24, 2002, pp. 59 – 75; pp. 78 - 82; 126 - 127

27.    In certain circumstances, funding of college tuition is available through the Bureau of Rehabilitation Services. In fact, the plaintiff's mother sought college funding through the Bureau of Rehabilitation Services for the plaintiff but the appropriate process was not completed.

> Testimony of Brenda Moore, Bureau of Rehabilitation Services October 24, 2002, pp. 47 – 48

28.    In addition, job coaching, vocational assessments, and situational assessments are all available after high school graduation through the Bureau of Rehabilitation Services if the student completes his employment plan process. David Bruno did not complete the employment plan process with Bureau of Rehabilitation Services whereby funding for college tuition and/or the full panoply of services could be potentially available.

> Testimony of Brenda Moore, Bureau of Rehabilitation Services October 24, 2002, pp. 162 – 163; 84; 86 - 87

DEFENDANT,
GREENWICH BOARD OF EDUCATION


By: _____
      Valerie E. Maze
      Federal Bar No. CT 14080
      Law Department, Town Hall
      101 Field Point Road
      Greenwich, CT  06836-2540
      Telephone:(203) 622-7878;
      Fax (203) 622-3816

**<u>CERTIFICATION</u>**


This is to certify that a copy of the foregoing has been sent postage

prepaid via first-class United States mail on June 1, 2004 to:

Lawrence W. Berliner, Esq.
Klebanoff & Phelan, P.C.
Corporate Center West
433 South Main Street, Suite 102
West Hartford, CT 06110


_____
Valerie E. Maze