**UNITED STATES DISTRICT COURT**

**DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| DAVID BRUNO | } | |
| | } | |
| Plaintiff | } | |
| | } | |
| V. | } | CIVIL ACTION NO. |
| | } | |
| GREENWICH BOARD OF EDUCATION | } | 3:02 CV 02192 (WWE) |
| | } | |
| Defendants | } | JUNE 22, 2004 |

<u>**PLAINTIFF'S LOCAL RULE 56(a)(2) STATEMENT**</u>

I.      In accordance with the provisions of the Local Rules of Civil Procedure
56(a)(2), the plaintiff controverts the defendant's statement of material facts not in
dispute dated May 28, 2004 as set forth as follows:

    1. This paragraph is admitted.

    2. This paragraph is admitted.

    3. This paragraph is admitted.

    4. This paragraph is admitted in part and denied in part.  The plaintiff admits
that he required special education in high school.  The balance of the paragraph is
denied insofar as the plaintiff was diagnosed with Asperger's Syndrome, was
classified by the defendant as emotionally disturbed for purposes of receiving special
education services, and plaintiff denies that he was dealing with any typical
adolescent developmental issues.  Hearing Exhibits P-1, P-6, P-7, P-9, P-12, P-15 and P-
17.  Further Hearing Exhibit B-6 also indicated that plaintiff can become rigid when
upset, make impulsive decisions, exercise poor judgment, become inappropriate,

become emotionally reactive, and lose the ability to think objectively and reasonably.  See <u>Testimony of Norman Seluktekin </u>(10/24/02) pp. 21-24.

5.  This paragraph is admitted in part and denied in part.  The plaintiff admits that Hearing Exhibit B-8(2) stated in part, the portion set forth in defendant's Statement of Material Facts Not in Dispute.  However, Hearing Exhibit B-8(2) also stated that plaintiff has not held a job, had no work experience, and that he was socially immature which should be taken into account as he seeks employment.

5.  This paragraph is admitted.

6.  This paragraph is admitted in part and denied in part.  The plaintiff admits to the first and second sentence and the first half of the third sentence.  The plaintiff denies the balance of this paragraph insofar as he wanted additional course work such as computer training, development of handwriting skills, and vocational training; that he did not understand what a mid-year graduation would mean; and he denies receiving notice that his special education services would be discontinued upon graduation.  <u>Transcript of David Bruno</u> (7/31/02), pp. 75, 117, 119, 121, 122, 147.  The plaintiff denies that the defendant had presented him with the graduation prerequisites on the pages of the transcript cited by the defendant.  Defendant's own evaluation established that plaintiff made impulsive decisions, had poor judgment and an inability to think clearly and reasonably.  Hearing Exhibit B-6.

7.  This paragraph is admitted in part and denied in part.  This paragraph is admitted insofar as the plaintiff had attended Greenwich High School and that he was advanced from grade to grade by the defendant.  The plaintiff denies that he

received or should have received passing grades in all subjects per his IEP.  Transcript of Norman Seluktekin (10/24/02) P 21-24, Hearing Exhibits B-17(1), P-17 (5),(6), (7), (8). Plaintiff denies that the defendant met his academic, social, vocational and independent living needs.  P-29.

8. This paragraph is admitted in part and denied in part.  The plaintiff admits that he had enjoyable involvement in a role playing club that consisted of playing an advance game of Dungeons and Dragons.  Transcript of David Bruno (7/31/02) pp. 72-73.  The balance of the paragraph is denied insofar as the plaintiff had significant behavioral, functional, cognitive, interpersonal and vocational limitations.  Hearing Exhibits B-4, P-1, P-6, P-7, P-9, P-12, P-15, P-17 and P-29;  See Transcript of Norman Seluktekin (10/24/02) pp 21-24; Transcript of Brenda Moore (10/24/02) pp 127-28, P-35-38; Transcript of Jen Benoit (9/5/02). Pp 109-100.

9. This paragraph is denied.  The defendant has denied plaintiff a free appropriate public education.  Hearing Exhibit P-29, B-17(2), (3), P 17(5), (6), (7), (8).

10. This paragraph is admitted in part and denied in part.  The plaintiff admits that he wanted to work for a year in order to earn money and have real world experience that he thought would be helpful if he needed to get a job during college.  The plaintiff denies that he received that experience and opportunity from the defendant.  Transcript of David Bruno (7/31/02) p-53., Hearing Exhibit P-29.

11.  This paragraph is admitted in part and denied in part.  The plaintiff admits that he was employed from April of his senior year in high school in a part-time job. The plaintiff denies that he was successfully employed because his time on the job

was "cut short" and later replaced with a new employee.  Transcript of David Bruno (7/31/02) pp. 53, 131-33, 142-43.  The plaintiff was told by the defendant that Chris Lovermi would provide him with ongoing supervision or job coaching as part of his special education program, but such services were not provided.  Transcript of David Bruno (7/31/02) pp 52-53.  Plaintiff had ongoing needs for support, including a job coach at his place of employment due to behavioral and other issues.  Testimony of Brenda Moore (10/24/02) pp 28-29, 164-66.

12.  This paragraph is admitted in part and denied in part.  The plaintiff admits that he continued with his job that he began during April, 2000 and that defendant had not provided him with any job coaching or other monitoring.  The plaintiff denies that he worked at that job successfully until October, 2000 insofar as he required a job coach to assist him with social issues at work.  Hearing Exhibit B-8(2); and that he was replaced by the employer with another new employee, even though he did not believe that he had been "technically fired", due to his inability to resolve work related conflicts.  Transcript of David Bruno (7/31/04) pp. 50-53, 131-33, 142-43.

13.  This paragraph is admitted.

14.  This paragraph is admitted in part and is denied in part.  The plaintiff admits that he is taking courses at Mitchell College.  The plaintiff denies that he is taking regular college courses at Mitchell College insofar as he attends a specialized program of study and instruction and supports for students with disabilities and receives supplemental educational and other services and supports through the

colleges Learning Resource Center and other services that comprise the C.A.R.E.S. program.  Hearing Exhibit P-36; <u>Transcript of Dr. Troniano</u> (9/4/02) pp. 92-95.

15.  This paragraph is admitted.

16.  This paragraph is admitted.

17.  This paragraph is admitted in part and denied in part.  The plaintiff admits that he did not seek the rescission of the high school diploma.  The plaintiff denies that he was ever informed by defendant that he could rescind the diploma, denies that he had received notice of his procedural safeguards from the defendant, and denies that and that defendant had not received notice from the plaintiff or his mother that he should not have graduated.  <u>Transcript of Norma Selutekin</u> (10/18/02) p. 186.

18.  This paragraph is admitted in part and denied in part.  The plaintiff admits that he had attended PPT meetings on May 19, 1998, April 16, 1999 and May 26, 2000. The plaintiff denies that the IEP developed at each of those meetings clearly stated the plaintiff's anticipated date of graduation.  Instead, the term "projected graduation" date was placed on only the transition services page of the IEP by the defendant.  Hearing Exhibits P-17 (10), P-12 (18), P-10 (8).  Further, Hearing Exhibits P-21 (1),(2) did not contain any actual graduation date.  Plaintiff denies receiving written prior notice of this graduation or his procedural safeguards from the defendant at these PPT meetings.

19.  This paragraph is admitted in part and denied in part.  The plaintiff admits that the PPT had not determined at any time that the State graduation requirements

were inappropriate for him. The plaintiff denies that he was ever informed by defendant of a PPT of the defendant's graduation requirements, and further denies that the defendant had ever informed him that such requirements could be modified. P-42. Transcript of Jen Benoit (9/5/02) Pp 154-56.

20. This paragraph is admitted in part and denied in part. The plaintiff admits that he turned age 18 in September, 1999, during the fall of his senior year. The plaintiff denies that he ever received notice of his procedural rights from defendant that his parent's rights would be transferred to him upon reaching age 18 or that he understood what would be "going on" as the result of turning age eighteen. Transcript of David Bruno (7/31/02) p. 147; P-42.

21. This paragraph is admitted in part and denied in part. The plaintiff admits that he attended a PPT meeting with his mother on December 14, 1999. The plaintiff denies that graduation had been "anticipated" at that meeting since the record of that PPT meeting had indicated that another PPT would be scheduled the following month to review and update the plaintiff's post-secondary plans. Hearing Exhibit P-20. The defendant did not schedule a PPT during the following month to review plaintiff's progress and plans. Transcript of Jen Benoit (9/5/02) Pp. 23-24.

22. This paragraph is admitted.

23. This paragraph is admitted in part and denied in part. The plaintiff admits that he attended the December 14, 1999 PPT with his parent. The plaintiff denies that graduation had been "anticipated" at that meeting since the minutes of that meeting had established that the PPT would reconvene the following month to

review and update the plaintiff's post-secondary plans and to review the results of a vocational assessment.  Hearing Exhibit P-20.  The defendant did not schedule a PPT meeting the following month to review plaintiff's progress, plans or assessments.  Transcript of Jen Benoit (9/5/02) Pp. 23-24.

24.  This paragraph is admitted in part and denied in part.  The plaintiff admits the second sentence in this paragraph.  The plaintiff denies the first sentence insofar as the plaintiff had inappropriate class behaviors, was chronically late to class, cut classes, did not focus on his work and this had adversely affected his educational performance.  Transcript of Norma Seluktiken (10/24/02) pp 21-24; Hearing Exhibit P-20; Transcript of Jen Benoit (9/5/02) Pp. 128-29.

25.  This paragraph is admitted in part and denied in part.  The plaintiff admits the first sentence in this paragraph and admits that Mitchell College does not offer high school courses.  The plaintiff denies that Mitchell College serves only students with ADD/ADHD and denies that the college does not offer remedial courses since training is offered by the college's C.A.R.E.S. program through the provision of academic support, social skills training and independent living training.  P-36, Transcript of Dr. Troiano (9/4/02) pp. 88-89, 92, 98-101.

26.  This paragraph is denied.  Direct services from the Bureau of Rehabilitation Services (BRS) were available to the plaintiff only upon his graduation from high school and that the plaintiff did not have an individual employment plan upon graduation, that such a plan had not been developed until January 12, 2001, or six months after graduation, and that plan had expired on January 12, 2002.  Transcript

of David Bruno (7/31/02) pp. 135-136; Transcript of Chris Lovermi (7/31/02) p. 210;

Transcript of Brenda Moore (10/24/02) pp. 44, 45, 47-49, 60, 61, 99, 103.

27.  This paragraph is admitted in part and denied in part.  The plaintiff admits

the first sentence and the first half of the second sentence, but denies that the

appropriate application process was not completed since Brenda Moore had

testified to the contrary.  Transcript of Brenda Moore, supra.

28.  This paragraph is admitted in part and denied in part.  The plaintiff admits

the first sentence in this paragraph.  The plaintiff denies the second sentence insofar

as Brenda Moore had testified that the agency had developed an individual

employment plan through 2002, that plaintiff's mother had contacted the agency for

Mitchell College funding, and that the agency's services are only available after an

individual employment plan has been developed and agreed upon by the plaintiff

and the agency and approved specific funding for college.  Transcript of Brenda

Moore (10/24/02) pp 40-41, 44-45, 48, 49, 51-52, 99, 103, 167-69, 126-27, 131-33.


II.      **Disputed Issues of Material Facts**


In accordance with the provisions of Local Rule Civ. P. 56(a)(2), the plaintiff

designates the following full or partial paragraphs that contain issues of material facts

as to which there is a genuine issue to be tried, based upon the defendant's

Statement of Material Facts Not in Dispute dated May 28, 2004, and plaintiff

incorporates by reference herein, his Section I responses to each of the following

disputed  paragraphs as follows:

Paragraph 4, Paragraph 5, Paragraph 6, Paragraph 7, Paragraph 8,

Paragraph 9, Paragraph 10, Paragraph 11, Paragraph 12, Paragraph 14, Paragraph

16, Paragraph 18, Paragraph 19, Paragraph 20, Paragraph 21, Paragraph 23,

Paragraph 23, Paragraph 24, Paragraph 25, Paragraph 26, Paragraph 27, Paragraph

28.

PLAINTIFF

By_____
    Lawrence W. Berliner
    Klebanoff & Alfano, P.C.
    Corporate Center West
    433 South Main Street Suite 102
    West Hartford, CT 06110
    Tel. No.  (860) 313-5005
    Fed. Bar No. CT 7002

### CERTIFICATION

This is to certify that a copy of the foregoing was mailed this 22nd day of June, 2004 by U.S. Mail first class, postage prepaid to Attorney Valerie Maze, Assistant Town Attorney, Town Hall, 101 Field Point Road, Greenwich, CT.

_____
    Attorney Lawrence W. Berliner