UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

---------------------------------------------------------------X
DAVID BRUNO                                          :     CIVIL ACTION NO.
                                                     :     3: 02CV2192 (WWE)
         Plaintiff,                                  :
v.                                                   :
                                                     :
                                                     :
GREENWICH BOARD OF EDUCATION                         :
                                                     :
         Defendant.                                  :
---------------------------------------------------------------X     July 16, 2004

## DEFENDANT'S REPLY TO PLAINTIFFS' OPPOSITION TO BOARD'S CROSS MOTION FOR SUMMARY JUDGMENT

    The defendant Greenwich Board of Education ("the Board") hereby files this memorandum in reply to plaintiff's opposition to the board's motion for summary judgment (entitled "Plaintiff's Reply Memorandum in Support of Motion for Summary Judgment" dated June 22, 2004.)

    Plaintiff raises essentially only two arguments in his opposition to the Board's Cross Motion for Summary Judgment:  A FAPE was not provided and there were gross procedural violations.   For the reasons stated in the Board's Cross Motion for Summary Judgment, the undisputed fact that plaintiff graduated from high school with a regular high school diploma, as to which no rescission is sought, requires the conclusion that the plaintiff received a FAPE as a matter of law.   The only legal authority cited by plaintiff in opposition is Inquiry of Riffel, 34 IDELR 292 (OSEP 2000) cited for the proposition that a student remains eligible for special education after graduation. Plaintiff's memorandum of law at p.  3.  That same case, however, indicates that reimbursement of college costs and tuition by way of compensatory education is

unavailable at the *postsecondary level*. See, also, Straube v. Florida Union Free School District, 801 F.Supp. 1164, 1181 (SDNY 1992). It is undisputed that Mitchell College is a private independent college offering both associate and bachelor degree programs and that plaintiff is taking college courses there. Plaintiff's Local 56(a)(2) Statement, ¶¶5, 14, 15 (Admitted). Thus, even assuming *arguendo* plaintiff could demonstrate there were gross procedural violations in this case, which is denied, reimbursement for college costs is unavailable.

Plaintiff argues there were gross procedural violations based on allegedly deficient forms and an alleged inability to consent to graduation. Plaintiff's Memorandum of Law at pp. 6, 9.These arguments fail for the reasons stated in the Board's Opposition to plaintiff's motion for summary judgment dated July 16, 2004, pp. 2-4, 11-13. Nor should plaintiff be permitted to argue now that he somehow lacked the ability to consent to graduate: By his own admission, David Bruno knew he was to graduate, wanted to graduate, and fulfilled the requirements to do so with a regular high school diploma. Plaintiff's testimony, 7/31/02, pp. 72-76, 100-107. The view shared universally by the Greenwich Public Schools professionals was that he was ready to graduate. See testimony of C. Lovermi (transition counselor), 7/31/02, p. 174; testimony of J. Benoit (IEP monitor), 9/13/02, pp. 223 – 22 and testimony of Norma Seluktekin (licensed clinical social worker), 10/18/02, p. 224.

The record of tremendous progress in a public high school alongside non-disabled peers in the emotional needs and social skills areas cannot be denied,[1]

---

[1] Testimony of C. Lovermi, 7/31/02, p. 199; J. Benoit testimony 9/13/02, pp. 223 – 224; testimony of Norma Seluktekin, 10/18/02, pp. 216-217, 224.

especially viewed in light of the history of hospitalization and out-of-district placements before coming to Greenwich High School. Testimony of N. Seluktekin, 10/18/02, p. 216.

Absent gross procedural violations, compensatory education is not available to the plaintiff and it is insufficient to argue, as plaintiff attempts, that a FAPE was not provided. Plaintiff's memorandum of law at pp. 2-9. In any case, the arguments lack evidentiary merit. Plaintiff makes much of the IEP objectives to achieve a grade of "C" or better in certain subjects. It should be noted that the IEP *goals* were to acquire knowledge and skills to complete the course curriculum, improve organizational skills, and function at an age appropriate level. P-17, pp. 4-9  There is no genuine dispute that the course curriculum was completed and that he earned his regular high school diploma according to the standards that apply to all students. Even the plaintiff's expert, Dr. Smaller, had no reason to suppose that David Bruno did not obtain the credits he needed to graduate from high school. Dr. Smaller testimony, 7/19/02, p. 135.

Plaintiff argues that plaintiff did not receive a FAPE because he did not receive counseling services as specified in his 1999-00 IEP. Plaintiff's Memorandum of Law at p. 2. There can be no genuine dispute that social work services were, in fact, provided to David Bruno and that those services provided him with meaningful benefits: Norma Seluktekin was David Bruno's social worker at Greenwich High School. She is a clinical social worker with licensing to practice in the public school system. Testimony of N. Seluktekin, 10/18/02, p. 175. She worked directly with David Bruno in 1999-2000: Direct service consisted of individual sessions, level review meetings, PPT meetings, responding and meeting with his parent(s). The indirect services were consultation with staff, direction to staff regarding any particular crisis, questions in the classroom, in the

hallway and in the student center, and discussions with David Bruno's psychiatrist. Id. at p. 176-177. David Bruno himself felt it was not necessary to be in direct one-to-one counseling at all times. Id. at 178. The one-to-one counseling of .5 hours per 8 day cycle did not occur exactly as written in the IEP because he did not want to take advantage of the service in that way at all times; the service was provided in other ways, however, when he did not want to access the one-to-one regularly scheduled counseling: It was worked on comprehensively in the program, in level review meetings with David Bruno in which some of these issues were discussed; it was worked on in the classroom setting, by consultation with teachers, and in consultation with the private psychiatrist, Dr. Stein. Id. at pp. 190-191, 194.

There can be no dispute that meaningful educational benefits were received by virtue of the IEP goals targeting his needs in the social/emotional area and the services provided: During high school, David Bruno showed growth in terms of social interactions, more than was anticipated in terms of social interactions with peers and adults. He made friends, he was in a group of friends and was concerned about them. He made good relationships with the staff and responded to direction and to help. He developed better judgment. Id. at pp. 196-197, 216.

Plaintiff 's argument that a FAPE was not provided relies largely upon Dr. Smaller's conclusion that David Bruno had "unmet needs." Plaintiff's memorandum of law at pp. 3-5. Dr. Smaller did not see David Bruno until October 2001, however, long after he had already graduated from high school. Even at that time Dr. Smaller found and wrote that David Bruno "appears to be doing well now" although she found continued vulnerability in the area of vocational and social skills. P-29, p. 2 (last

4

paragraph). The relevant time period for purposes of this case in assessing the student's status and the relevant events is not October 2001 but June 2000. At that time, the professionals with the appropriate expertise and personal knowledge concerning David Bruno with respect to his readiness to graduate universally found that he was ready to graduate and should graduate. Testimony of C. Lovermi (transition counselor), 7/31/02, p. 174; testimony of J. Benoit (IEP monitor), 9/13/02, pp. 223 – 22; testimony of Norma Seluktekin (licensed clinical social worker), 10/18/02, p. 224. The plaintiff himself consented to high school graduation and rejected an alternative offered. Testimony of David Bruno, 7/31/02, pp. 72, 74-76. Dr. Smaller conceded that David Bruno was capable of making the decision to go to college and was also capable of deciding to take a year off and work. Dr. Smaller testimony, 7/19/02, p. 154. Dr. Smaller further acknowledged that going to college, with support, is a realistic goal for David Bruno. Id. at 134.[2]

Based on the foregoing, and the arguments raised in the Board's Memorandum of Law in Support of its Cross Motion for Summary Judgment, judgment should enter in defendant's favor based on the record before the court.

                                                              GREENWICH BOARD OF EDUCATION

---

[2] In other respects Dr. Smaller's testimony was suspect: Dr. Smaller's written report from October 2001 was devoid of any reference to the Greenwich Public Schools not having met David Bruno's educational needs. P-29. Dr. Smaller conducted no testing of David Bruno and was satisfied to make a diagnosis based on testing of others that was 8 or 9 years old. Dr. Smaller testimony, 7/19/02, p. 139. In addition, Dr. Smaller's report contained significant errors: Her report stated that there was "no transitional plan," P-29, p. 1 but there is no dispute there was a transition plan in place in high school. B-8, p. 9. Dr. Smaller conceded that she was mistaken in her testimony that there was no goal in David Bruno's high school IEP concerning organizational skills and acknowledged that there was. Dr. Smaller testimony, 7/19/02, pp. 145-6.

By:_____
    Valerie E .Maze, Its Attorney
    Federal Bar No. CT 14080
    Town of Greenwich Law Dept.
    101 Field Point Road
    Greenwich, CT 06830
    Telephone (203) 622-7876
    FAX        (203) 622-3816

## **CERTIFICATION OF SERVICE**

A copy of the foregoing has been mailed by first class mail, postage prepaid, this 16th day of July, 2004 to Lawrence W. Berliner, Esq., Klebanoff & Alfano, P.C., Corporate Center West, 433 South Main Street, Suite 102, West Hartford, CT 06110.

_____
Valerie E. Maze