UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

```
------------------------------------------------------------X
DAVID BRUNO                                  :    CIVIL ACTION NO.
                                             :    3: 02CV2192 (WWE)
    Plaintiff                                :
                                             :
V.                                           :
                                             :
GREENWICH BOARD OF EDUCATION                 :
                                             :
    Defendant            .                   :
------------------------------------------------------------X    July 16, 2004
```

## DEFENDANT GREENWICH BOARD OF EDUCATION'S
## LOCAL RULE 56(a)(2) STATEMENT

The defendant, Greenwich Board of Education, responds to <u>Plaintiff's Statement of Material Facts Not In Dispute in Support of Plaintiff's Motion for Summary Judgment</u> dated June 1, 2004 as follows:

    1.    Admitted.

    2.    Admitted in part, denied in part.  Asperger's Syndrome is not an IDEA identification and the plaintiff was not so identified for IDEA purposes. Testimony by Jennifer Benoit, September 5, 2002 pp. 199 - 203.  ADHD is not an IDEA identification.  Defendant admits that in 1993 he was identified as a student in need of special education and related services.  The balance of the allegations of ¶2 is admitted.

    3.    Admitted.

    4.    Admitted.

    5.    Admitted.

    6.    The defendant objects to the allegations of ¶6 in that plaintiff purports to offer additional evidence, outside the administrative record, in connection with his motion for summary judgment without filing a motion as required by 20 § USC § 1415 (i) (2) (B) (ii).  In addition, defendant objects to ¶6

in that it does not constitute a concise fact or a material fact for purposes of Local Rule 56(a)(1).

      7.     Admitted.

      8.     Admitted in part, denied in part.  Defendant admits the plaintiff's mother informed the defendant's school social worker, at the beginning of the senior year, of her concerns that the plaintiff would not be ready to graduate at the end of the 1999-2000. Ms. Seluktekin testified that Mrs. Bruno's concerns had a rational basis.  Defendant denies that Ms. Seluktekin shared those concerns in light of the supports and services to be provided by staff during the year. Id. at pp. 187-188.  Ms. Seluktekin felt David Bruno would be ready to graduate in June of 2000. Id. at p.187.

      9.     The defendant admits at a PPT meeting on December 14, 1999, the plaintiff's parents expressed concerns over the plaintiff's progress in Algebra. The balance of the allegation is denied.

      10.     Admitted in part, denied in part.  The defendant admits the PPT decided that the plaintiff drop his mainstream Science class and add Learning Center in the Comprehensive Support Program; that if the plaintiff did not earn a "C" by the next quarter, one of his opens would be taken away; that a PPT would be held in approximately a month to update Mrs. Bruno on David's post secondary plans; that a vocational assessment will be conducted.  Hearing Exhibit P-20.

      11.     Admitted in part, denied in part.  To the extent ¶11 alleges that plaintiff did not receive services from the social worker implementing social / emotional goals on the IEP, the allegations are denied.  The defendant admits the plaintiff had social / emotional goals on the 1999 - 2000 IEP.  Defendant denies that said IEP goals were "counseling goals".  The defendant admits the plaintiff refused to meet with the school social worker each week and admits that the school social worker stated she could not force the student to do so.  The balance of the allegations of ¶11 is denied.

      12.     Admitted in part, denied in part.  The defendant admits no PPT meeting was convened in January 2000.  The balance of the allegations of ¶12 is denied.

      13.     Admitted.

      14.     Denied.

      15.     Admitted.

      16.     Admitted.

17.  Admitted in part, denied in part. The defendant admits the plaintiff's parent requested that the Greenwich Public Schools pay for a job / social worker, college course, and an independent evaluation to determine if the student received appropriate education during his time in Greenwich High School.

18.  Admitted.

19.  The defendant admits the plaintiff was seen by Dr. Adrienne Smaller some time after he graduated. The balance of the allegations contained in ¶19 is denied.

20.  The defendant admits the plaintiff enrolled in Mitchell College in or about August 2000. The balance of the allegations of ¶20 is denied.

21.  The defendant admits that the plaintiff's mother reported that the plaintiff's progress at Mitchell College was problematic and that he had problems with attention and homework. The defendant denies that this college program was a "specialized" program.

22.  No concise material fact is alleged to which a response is required.

23.  No concise material fact is alleged to which a response is required.

24.  Admitted as to the 1998 review. P-42, p. 1.

25.  Admitted in part, denied in part. Defendant denies that a "Compliance Report" was issued that "made several findings that required corrective action...to ensure compliance with the 1997 amendments to the IDEA." Defendant admits that in 1998, the Connecticut State Department of Education issued a Program Review Final Report which stated a letter indicating full compliance status would be issued upon completion of an Implementation Plan. See P-42, p. 1.

26.  Denied. Defendant refers the Court to the particular 1998 document for its precise contents.

27.  Denied. Defendant refers the Court to the particular 1998 document for its precise contents.

28.  Denied. Defendant refers the Court to the particular 1998 document for its precise contents.

29.  Admitted in part, denied in part. Defendant admits certain forms were submitted, see P-42, p.6, pursuant to a request issued by the Bureau of Special Education and Pupil Services in March 1999 to all school districts, see P-

42, p.7. Defendant denies the plaintiff's particular description of the forms submitted and the date of submission alleged.

 30. Admitted.

 31. Admitted.

 32. Denied.

 33. Denied in part.  The defendant admits that the April 16, 1999 IEP meeting document indicates that the next triennial evaluation for the plaintiff would be March 1, 2002 (in the event the student had not graduated).

 34. Denied.

 35. Admitted.

 36. Denied in part.  Defendant admits credits toward the high school diploma for Resource Room and Support Resource were credited.

 37. Denied.

 38. Admitted.

 39. Denied.

 40. Admitted in part, denied in part.  The defendant admits the plaintiff saw Dr. Smaller in October and / or November 2001.  The defendant denies that Dr. Smaller conducted an "evaluation", i.e., conducted testing customarily performed in an evaluation.

 41. Denied.

 42. Denied.

 43. Admitted in part, denied in part.  Defendant denies any inference that copies of the notice of procedural safeguards copied in 1998 - 1999 and 1999 - 2000 were not given.  The defendant admits the brochures containing the notices given were not offered as exhibits, there having been no claim raised in the hearing as to not receiving any notices of safeguards.

 44. The defendant admits B-16 was the written prior notice issued for the May 26, 2000 meeting.  The defendant admits "N/A" indicating not applicable was inserted in the section "action refused by the district" and "action considered but not recommended by the IEP / PPT team".

  45. The defendant admits that the State Department of Education has such authority.

  46. Denied.

  47. Denied.  See B-8 (9).

  48. Defendant admits that the issues alleged in ¶48, among others, were noted by the PPT on December 14, 1999 but denies these were the only issues discussed.

  49. Admitted.

  50. Denied.  The Defendant has insufficient knowledge as to what plaintiff intends with respect to "graduation or exit criteria."  Defendant admits the specific term "graduation or exit criteria" does not appear on the IEP form; Defendant denies that there were no criteria for graduating.

  51. Denied.

  52. Admitted.

  53. The defendant admits the plaintiff was evaluated by the school district and professionals paid for by the school district; the defendant has insufficient knowledge as to evaluations conducted by any professionals retained by the plaintiff's parents from July 1992 to March 1999.

  54. Denied as overbroad.

  55. The defendant has insufficient knowledge as to expenditures incurred by the parent and / or the plaintiff and therefore denies the same.

<u>Disputed Issues of Material Fact</u>

  For the reasons stated in Defendant's Memoranda of Law in Opposition to Plaintiff's Motion for Summary Judgment and in Support of Its Motion for Summary Judgment, there are no genuine disputes concerning material facts. The facts alleged in ¶¶22-31 and ¶¶ 45-66, above, are not material for the reasons specified in Defendant's Memorandum in Opposition to Plaintiff's Motion

5

for Summary Judgment. To the extent the court finds said facts are material, they are disputed.

                              DEFENDANT,
                              GREENWICH BOARD OF EDUCATION

By: _____
     Valerie E. Maze
     Federal Bar No. CT 14080
     Law Department, Town Hall
     101 Field Point Road
     Greenwich, CT 06836-2540
     Telephone:(203) 622-7878;
     Fax (203) 622-3816

## **CERTIFICATION**

This is to certify that a copy of the foregoing has been sent postage prepaid via first-class United States mail on July 16, 2004 to:

>Lawrence W. Berliner, Esq.
>Klebanoff & Phelan, P.C.
>Corporate Center West
>433 South Main Street, Suite 102
>West Hartford, CT 06110

_____
Valerie E. Maze