UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

-----------------------------------------------------------X
DAVID BRUNO                                  :    CIVIL ACTION NO.
                                             :    3: 02CV2192 (WWE)
Plaintiff                                    :
                                             :
V.                                           :
                                             :
GREENWICH BOARD OF EDUCATION                 :
                                             :
Defendant                                    :
-----------------------------------------------------------X    September 28, 2004

### DEFENDANT GREENWICH BOARD OF EDUCATION'S SUPPLEMENT TO LOCAL RULE 56(a)(2) STATEMENT

In light of the Court granting the plaintiff's motion for additional evidence, the defendant, Greenwich Board of Education, hereby amends its response to ¶ 6 of the Plaintiff's Statement of Material Facts Not In Dispute in Support of Plaintiff's Motion for Summary Judgment dated June 1, 2004. In addition, the Board makes a technical correction to its response to ¶2:

2. Admitted in part, denied in part. Asperger's Syndrome is not an IDEA identification and the plaintiff was not so identified for IDEA purposes. Testimony by Jennifer Benoit, September 5, 2002 pp. 199 - 203. ADHD is not an IDEA identification. Defendant admits that in 1993 he was identified as a student in need of special education and related services. The balance of the allegations of ¶2 is [ denied] .

Without waiving its objection that ¶6 does not constitute a concise fact or a material fact for purposes of Local Rule 56(a)(1), defendant responds supplementally as follows to ¶6.

6. Admitted in part, denied in part. The defendant admits that the American Psychiatric Association has characterized the essential features of Asperger's Syndrome but denies that the characterization contained in paragraph

6 is accurate in important respects. For example, the DSMIV characterization states that the essential features of the impairment are "severe and sustained" impairment in social interaction not just "an impairment." In addition, according to the DSMIV characterization, the disturbance "must cause clinically significant impairment in social, occupational, or other important areas of functioning;" however, according to the DSM-IV characterization there are "no clinically significant delays in language" and "there are no clinically significant delays in cognitive development or in the development of age-appropriate self-help skills, adaptive behavior (other than in social interaction) and curiosity about the environment in childhood." Defendant admits that the DSMIV characterization indicates that, in the vast majority of cases, the duration of the disorder is lifelong. See Plaintiff's Appendix to Memorandum of Law In support of Motion for Summary Judgment, DSM-IV, §299.80

Defendant admits that the American Psychiatric Association has characterized ADHD but denies that the characterization contained in paragraph 6 is accurate in important respects. The DSMIV characterization indicates, among other things, features that include a persistent pattern of inattention and/or hyperactivity-impulsivity "that is more frequent and severe than is typically observed in individuals at a comparable level of development" and that "some impairment from the symptoms must be present in at least two settings" and "there must be clear evidence of interference with developmentally appropriate social, academic, or occupational functioning." Defendant admits that the DSMIV characterization indicates inattention may be manifest in academic, social and occupational situations. See Plaintiff's Appendix to Memorandum of Law In Support of Motion for Summary Judgment, DSM-IV

DEFENDANT,
GREENWICH BOARD OF EDUCATION

By: _____
Valerie E. Maze
Federal Bar No. CT 14080
Law Department, Town Hall
101 Field Point Road
Greenwich, CT 06836-2540
Telephone:(203) 622-7878;
Fax (203) 622-3816

## CERTIFICATION

This is to certify that a copy of the foregoing has been sent postage prepaid via first-class United States mail on September 28, 2004 to:

Lawrence W. Berliner, Esq.
Klebanoff & Phelan, P.C.
Corporate Center West
433 South Main Street, Suite 102
West Hartford, CT 06110

_____
Valerie E. Maze