

RECEIVED

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

2004 OCT 14 P 12: 37

----------------------------------------X
DAVID BRUNO                             :    CIVIL ACTION NO.
                                        :    3: 02cV2192 (WWE)
              Plaintiff,                :
v.                                      :
                                        :
                                        :
GREENWICH BOARD OF EDUCATION            :
                                        :
              Defendant.                :
----------------------------------------X    October 7, 2004

### REPLY TO PLAINTIFF'S OBJECTION TO DEFENDANT'S AMENDMENT TO LOCAL RULE 56(A)(2) STATEMENT; MOTION FOR LEAVE TO AMEND

The plaintiff has objected to the defendant's technical amendment to paragraph 2 of defendant's Rule 56(a)(2) Statement, claiming the amendment was not technical in nature and that neither agreement nor leave from the court was sought for the amendment. A review of the original response and the corrected response to paragraph 2 of plaintiff's Local 56(a)(1) Statement shows that the correction was, in fact, merely technical. The plaintiff's allegations in paragraph 2 of his Statement of Undisputed Facts were the following:

> 2. The plaintiff had been identified by the Defendant as a student with Asperger's Syndrome and ADHD and had been identified by the Defendant as a student in need of special education and related services in 1993. Decision FOF Nos. 1.2 AR-1, p.2.

The defendant responded as follows in its Local Rule (56)(a)(2) Statement:

> Admitted in part, denied in part. Aspergers Syndrome is not an IDEA identification and the plaintiff was not so identified for IDEA purposes. Testimony by Jennifer Benoit, September 5, 20902 pp. 199 - 293. ADHD is not an IDEA identification. Defendant admits that in 1993 he was

identified as a student in need of special education and related services. The balance of the allegations of ¶2 is [ admitted ] (sic).

Thus the defendant's original response did deny the allegations of paragraph 2, that the plaintiff had been identified by the Defendant as a student with Asperger's Syndrome and ADHD. Defendant admitted only that the student was in need of special education and related services. Thus the balance of the allegations had been denied, in fact, but the last sentence erroneously stated that the balance of the allegations were admitted. Defendant's counsel noticed the error in reviewing defendant's Local 56(a)(2) Statement in connection with preparing responses to the additional evidence allowed by the court. Therefore the technical correction in the Amendment dated July 16, 2004 was made to reflect the actual pleadings to the allegations of paragraph 2.

Defendant respectfully requests that the court allow defendant leave to make this corrective amendment.

THE DEFENDANT,
GREENWICH BOARD OF EDUCATION

By: _____
Valerie E. Maze
Federal Bar No. CT 14080
Law Department
Town Hall
101 Field Point Road
Greenwich, CT 06836-2540
Tel: (203) 622-7877
Fax: (203) 622-3816

## CERTIFICATION

This is to certify that a copy of the foregoing has been sent by first-class United States mail on October 7, 2004 to:

Lawrence W. Berliner, Esq.
Klebanoff & Phelan, P.C.
Corporate Center West
433 South Main Street, Suite 102
West Hartford, CT 06110

_____
Valerie E. Maze