UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| DAVID BRUNO | } | |
| | } | |
| Plaintiff | } | |
| | | |
| V. | } | CIVIL ACTION NO. |
| | | |
| GREENWICH BOARD OF EDUCATION | } | 3:02 CV 02192 (WWE) |
| | } | |
| Defendants | } | FEBRUARY 18, 2005 |

## PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

In accordance with the provisions of the Court's <u>Ruling on Cross Motions for Summary Judgment,</u> the Plaintiff renews his Motion for Summary Judgment dated May 31, 2004 and accompanying memoranda of law in support of said Motion dated May 31, 2004 and June 22, 2004; as well as his Local Rule 56(a) Statement dated June 1, 2004 and Local Rule 56(a)(2) Statement dated June 22, 2004.

For the reasons set forth in the Plaintiff's respective memoranda of law, including Plaintiff's February 18, 2004 Memorandum of Law In Opposition to Defendant's Motion for Summary Judgment and In Support of Plaintiff's Motion for Summary Judgment, the Plaintiff respectfully requests the Court to grant his Motion and deny Defendant's Motion.

The Plaintiff has established "gross violations" of the IDEA entitling him to receive compensatory education as a remedy for the Defendant's denial of a

**ORAL ARGUMENT REQUESTED**
**NO TESTIMONY REQUIRED**

free appropriate public education and improper exclusion from educational services. Mrs. C.v. Wheaton, 916 F. 2d 69 (2d Cir. 1990); Burr v. Ambach, 863 F. 2d 1071 (2d Cir. 1988); Lester N. v. Gilhool, 916 F2d 865 (3d Cir. 1990); M.C. v. Regional School District, 81 F.3d 396 (3d Cir. 1990); Wenger v. Canestota, 979 F. Supp. 147 (N.D.N.Y. 1997); Unified School District v. Dept. of Ed., 64 Conn. App. 273 (2001). Regardless of whether Defendant acted with malice or not, the net effect of its collective actions and decisions have deprived the Plaintiff of substantive and procedural educational rights secured by the I.D.E.A. 20 U.S.C. §1400 et seq., 34 CFR §300.1, 34 CFR §300.504, as well as the right to be free from discrimination on the basis of his disability or excluded from the Defendant's federally funded special education program in violation of Section 504. 34 CFR §104.4, 34 CFR §104.33, 34 CFR §104.36. The Defendant utterly failed to protect Plaintiff's rights, provide him with a free appropriate public education, and otherwise ensure that he would be properly prepared to become employable and live independently upon the completion of special education. 34 CFR §300.1(a). Testimony of Sharon Bruno pp. 77-80, 124-26. (9/4/02 Transcript). See, Ruling on Cross Motions for Summary Judgment @ p.2.

    WHEREFORE, for these reasons and those set forth in each of the Plaintiff's arguments presented to the Hearing Officer, Transcript pp. 171-83 (10/24/02);

as well as those presented to the Court, the Plaintiff respectfully requests the Court to reverse the administrative decision, deny Defendant's Motion for Summary Judgment and grant Plaintiff's motion by providing him with "appropriate relief" to remedy the deprivations of his state and federal law rights as authorized by 20 U. S. C. §1415(i)(2)(B)(ii) and the Supreme Court's decision in <u>Burlington v. Dept. of Ed.,</u> 471 U.S. 358 (1985) under the facts and circumstances presented in this case.  <u>Mrs. C. v. Wheaton,</u> 915 F. 2d 69 (2d Cir. 1990); <u>Wenger v. Canastota,</u> 979 F. Supp. 147 (N.D.N.Y. 1997).

        PLAINTIFF

By_____
  Lawrence W. Berliner
  Klebanoff & Alfano, P.C.
  Corporate Center West
  433 South Main Street Suite 102
  West Hartford, CT 06110
  Tel. No.  (860) 313-5005
  Fed. Bar No. CT 7002

**CERTIFICATION**

  This is to certify that a copy of the foregoing was mailed this 18th day of February, 2005 by U.S. Mail first class, postage prepaid to Attorney Valerie Maze, Assistant Town Attorney, Town Hall, 101 Field Point Road, Greenwich, CT.

                _____
                Attorney Lawrence W. Berliner