UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

```
------------------------------------------------------------X
DAVID BRUNO                               :   CIVIL ACTION NO.
                                          :   3: 02CV2192 (WWE)
              Plaintiff,                  :
v.                                        :
                                          :
GREENWICH BOARD OF EDUCATION              :
                                          :
              Defendant.                  :
------------------------------------------------------------X   February 16, 2005
```

## DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT; COMPLIANCE WITH COURT'S RULING

In accordance with the Court's Ruling on Cross Motions for Summary Judgment dated December 20, 2004 (hereinafter "the Court's ruling"), the defendant Greenwich Board of Education moves for summary judgment and files the affidavits attached hereto with this supplemental brief. The Court's ruling, at page 10, indicates that the defendant should indicate the counts on which it seeks summary judgment: The defendant seeks judgment on all counts of plaintiff's complaint. A brief on the legal issues follows in this memorandum.

I. **Incorporation of Arguments**

Defendant incorporates herein its arguments contained in its memorandum of law in support of the Board's cross motion for summary judgment dated May 28, 2004, defendant's opposition to plaintiff's motion for summary judgment dated July 16, 2004 and defendant's reply to plaintiff's opposition to board's cross motion for summary judgment dated July 16, 2004. In addition, as ordered, a brief on the legal issues with respect to Counts Two and Three follows in part III. (The parties

statements pursuant to Local Rule 56(a) and responses thereto are part of the court record.)

## II. Affidavits

In accordance with said Court's ruling, to supplement the administrative record the defendant files herewith affidavits attached hereto as **Exhibit 1** and **Exhibit 2** which contain a copy of the notice as to the "Procedural Safeguards in Education" and which demonstrate that said document was provided to David Bruno and his parent at or before the IEP meetings in question. See **Exhibit 1** (affidavit of Joseph Russo); Administrative Record B-16, p. 1 of 2 (indicating copy of the Procedural Safeguard in Special Education document was provided at the IEP meeting of May 26, 2000). In addition, the educational records also indicate that a complete copy of the procedural safeguards was provided and explained at the December 1999 IEP meeting. See Administrative Record B-12, p. 2 of 4.

## III. Legal Basis for Entry of Judgment for Defendant on Counts II and III

The Court's ruling further indicates that if defendant seeks summary judgment on Counts Two and Three, the defendant should brief the legal basis for the entry of judgment on those counts:

### A. Legal Basis for Summary Judgment on Count II

Plaintiff's "Second Cause of Action" alleges that the final decision of the Due Process Hearing Officer violated the plaintiff's right to receive a free appropriate public education as provided therein in addition to other civil rights as provided therein on the basis of his emotional other disabilities in violation of the

2

Rehabilitation Act of 1973 as amended, 29 U.S.C. §794 et seq. Plaintiff's Complaint, page 13, ¶51.

Defendant is entitled to summary judgment because, based on the undisputed facts, there is no genuine dispute that there has been no violation of the Rehabilitation Act of 1973 and the defendant is entitled to judgment as a matter of law. In order to establish a *prima facie* violation of the Rehabilitation Act of 1973, 29 U.S.C. §794, the plaintiff must prove that (1) he is a disabled person under the Act; (2) he is otherwise qualified for the program; (3) he is excluded from benefits solely because of his disability; and (4) the program or special service receives federal funding. Mrs. C. v. Wheaton, 916 F.2d 69, 74 (2nd Cir. 1990). The central purpose of this statute is to assure that handicapped individuals receive evenhanded treatment in relation to the nonhandicapped. P.C. v. McLaughlin, 913 F.2d 1033, 1041 (2nd Cir. 1990). Where a complaint challenges the adequacy of a FAPE, not discrimination on the basis of a disability, in order to establish a section 504 violation, a plaintiff must demonstrate that the defendant discriminated on account of the disability, i.e., with bad faith or gross misjudgment, not just that a FAPE was denied. A.W. v. Marlborough Company et al., 25 F.Supp.2d 27, 31-32 (D.Conn. 1998); Searles v. Board of Education for the Ellenville Central School District, 1999 WL 34983 (NDNY 1999).

Defendant is entitled to summary judgment with respect to Count Two because there is no showing of the required elements of qualification, exclusion or discrimination. It is undisputed that the plaintiff graduated from high school with a regular high school diploma. Defendant's Local 56(a)(1) Statement ¶5 (admitted

3

by plaintiff).[1]  Having graduated from high school with a high school diploma, which he has never contested, Mr. Bruno is no longer eligible for special education services as a matter of law from the Greenwich Public Schools.  20 U.S.C.§1412(a)(1)(B)(i); 34 C.F.R. §300.22(a)(3)(i); C.G.S.§10-76d(b)(1).  Thus Mr. Bruno cannot establish he is "qualified" for special education services from the Greenwich Public Schools.

Nor is there any showing of the element of exclusion.  There is no dispute that before he graduated from high school, Mr. Bruno was never "excluded" from special education services by the Greenwich Public Schools.  On the contrary, plaintiff admits he had an individualized education program ("IEP") and received special education services throughout high school.  Defendant's Local 56(a)(1) Statement ¶3 (admitted by plaintiff).  After graduation from high school, the question was never Mr. Bruno's "exclusion" from services but his lack of eligibility to receive such services from the Greenwich Public Schools.[2]

Finally, there simply is no evidence to show that Mr. Bruno could carry his burden to demonstrate the defendant discriminated against him with bad faith or gross misjudgment on account of his disability.  The party opposing summary judgment must set forth specific facts showing that there is a genuine issue for trial.  <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 248, 106 S.Ct. 2505 (1986).  Because there is no evidence before the court to support the essential elements of

---

[1] Thus, as a matter of law, the plaintiff has also received a FAPE both for IDEA (and §794 purposes).  See defendant's memorandum of law in support of cross motion for summary judgment at page 6; defendant's memorandum of law in opposition to motion for summary judgment pp. 4-10.

[2] As indicated in defendant's briefs, the services plaintiff sought after high school may well be available from the State Bureau of Rehabilitation Services.  The indication in the due process hearing by way of testimony and evidence was, however, that Mr. Bruno up to that time had not followed through with seeking such services.

4

exclusion or discrimination to establish a cause of action as asserted in Count Two, the defendant is entitled to judgment in favor of the defendant as to said Count.

### B. Legal Basis for Summary Judgment on Count III

The Fourteenth Amendment to the United States Constitution provides, *inter alia*, that no State shall deprive any person of life, liberty or property without due process of law. With respect to an alleged deprivation of a property interest, due process generally requires notice and an opportunity to be heard. See, e.g., Fuentes v. Shevin, 407 U.S. 67, 81-82, 92 S.Ct. 1983, 1994-95, 32 L.Ed.2d 556 (1972).

Having reached the age of 21 and/or having received a regular high school diploma, Mr. Bruno has no property right in receiving special education services, or college tuition reimbursement, from the defendant Board of Education because he has no entitlement to special education services under state statute in Connecticut nor under IDEA. Even assuming, *arguendo*, Mr. Bruno had a property interest in receiving special education to assert, there has been no deprivation of that interest: Mr. Bruno has received a public high school diploma and is now attending college. Furthermore, Mr. Bruno's complaint and the procedural history of this matter indicates that he has already received the right to be heard by virtue of the various IEP meetings and the due process hearing already accorded him.

Thus, the substance of procedural due process has already been granted as a matter of law.[3]

### IV. Conclusion

For the foregoing reasons, the defendant is entitled to the entry of summary judgment.

THE DEFENDANT,
GREENWICH BOARD OF EDUCATION

By: _____
Valerie E. Maze
Federal Bar No. CT 14080
Law Department, Town Hall
101 Field Point Road
Greenwich, CT 06836-2540
Telephone:(203) 622-7878
Fax:(203) 622-3816

---

[3] Because the defendant is entitled to judgment as to the first three Counts of the complaint for the reasons stated, the court lacks jurisdiction to consider the pendent state-law claims raised in the Fourth Cause of Action which, in any case, fail as a matter of law in light of C.G.S.§10-76d(b)(1).