**UNITED STATES DISTRICT COURT**

**DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| DAVID BRUNO | } | |
| | } | |
| Plaintiff | } | |
| | | |
| V. | } | CIVIL ACTION NO. |
| | | |
| GREENWICH BOARD OF EDUCATION | } | 3:02 CV 02192 (WWE) |
| | } | |
| Defendants | } | FEBRUARY 18, 2005 |

**PLAINTIFF'S REPLY MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**

I.      **INTRODUCTION**

        This matter is before the Court as Plaintiff's Amended Complaint dated

December 3, 2003 seeking redress against the Defendant for violations of rights

secured by the IDEA, 20 U.S.C. §1400 et seq.; Section 504 of the Rehabilitation Act,

29 U.S.C. §794 et seq.; 14th Amendment of the United States Constitution; and

applicable state law.  Conn. Gen. Stat. §10-76a et seq. and 4-183, et seq.  The

parties filed cross motions for summary judgment during May, 2004.  Recently, the

Court issues a Ruling on Cross Motions for Summary Judgment denying both

motions without prejudice.  The Court allowed the Defendant the opportunity to

supplement the administrative record and allowed each party to refile their

respective motions for summary judgment.

II.     **ARGUMENT**

    A.     **THE COURT SHOULD DENY DEFENDANT'S REFILED MOTION FOR SUMMARY JUDGMENT**

        1.     <u>The Court Should Reject the Affidavit of Joseph Russo and Find Instead that It was Not Credible and Was Contradicted by the Record</u>

            <u>i.  The May 26, 2000 IEP (PPT) Meeting.</u>

In support of its refiled <u>Motion for Summary Judgment,</u> the Defendant has annexed an affidavit from Joseph Russo dated February 16, 2005.  The affiant stated under oath that he had attended four (4) IEP (PPT) meetings concerning the Plaintiff on April 16, 1999, December 14, 1999,  May 26, 2000 and September 5, 2001 and had specifically recalled that the Plaintiff or his parent had received a copy of the procedural safeguards that were appended to his affidavit as Exhibits A, B, and C. However, not one of the procedural safeguard pamphlets was ever introduced at the hearing as acknowledged by the Defendant.  <u>Defendant's Local Rule 56 (a)(2) Statement Paragraph43.</u>

The Defendant called Joseph Russo as a witness on July 19, 2002.  Mr. Russo testified during the administrative hearing that other than possibly one large issue that may have involved graduation and his physical presence at this IEP (PPT) meeting, that he had no specific recollection whatsoever of "the finer details of the meeting ..." <u>Testimony of Joseph Russo</u> p. 68 (7/19/02 Transcript).  In response to cross-examination by Plaintiff's counsel, Mr. Russo reaffirmed his earlier testimony that he had no recollection of any of the small issues that had been discussed at the May 26, 2000 meeting.  <u>Testimony of Joseph Russo</u> p. 74 (7/19/02 Transcript).

That testimony was presented about two years after the May 26, 2000 PPT meeting and it clearly established that Mr. Russo did not recall any events surrounding this IEP (PPT) meeting other than his being present and possibly one large issue. However, in his affidavit signed almost five (5) years following the May 26, 2000 meeting, Mr. Russo had a specific recollection of an insignificant detail that in fact the procedural safeguards annexed to his affidavit were in fact provided to the Plaintiff or his parent.

The information contained in Mr. Russo's February 16, 2005 affidavit is at variance with his own testimony and with the testimony of the Plaintiff and Sharon Bruno. The Plaintiff testified on July 31, 2002 that he did not receive any explanation from the Defendant at the May 26, 2000 IEP (PPT) meeting that he would no longer be eligible for special education services. Testimony of David Bruno p. 117 (7/31/02 Transcript). Sharon Bruno testified on September 2, 2002 and stated that the Defendant had failed to provide any notification of rights at the May 26, 2000 meeting. Testimony of Sharon Bruno p. 67 (9/5/02 Transcript). Nevertheless, almost five years later, Mr. Russo has a contrary recollection.

The Court should reject the assertions set forth in Mr. Russo's affidavit regarding the May 26, 2000 IEP (PPT) meeting and find it not credible and further contradicted by substantial and competent evidence in the record of the administrative hearing. The Court should reject Defendant's contention set forth in its February 16, 2005 Affidavit for this PPT meeting and find that no procedural safeguards were ever offered to the Plaintiff.

ii.  The April 16, 1999 IEP (PPT) Meeting.

In his February 16th Affidavit, Mr. Russo has asserted that a copy of the procedural safeguards annexed to his Affidavit had been provided to the Plaintiff or his parent at this PPT meeting.  The IEP Forms for this meeting, Hearing Exhibit P-17, was completely devoid of any information or notation that a copy of the safeguards was supposedly provided to the Plaintiff.  This is in complete contrast to the May 26, 2000 IEP Forms that contained a check mark or notation indicating that a copy of the procedural safeguards might have been distributed.  Ruling on Cross Motions for Summary Judgment p. 9.  Despite the lack of any testimony from Mr. Russo regarding this IEP (PPT) meeting during the administrative hearing or at least a check mark notation on the April 16, 1999 IEP Form indicating that a copy of the procedural safeguards might have been provided to the Plaintiff, Mr. Russo was nevertheless able to have a specific recollection almost six (6) years after the date of that meeting that a copy of the procedural safeguards had in fact been distributed at the April 16, 1999 meeting.

The Court should reject this self serving affidavit and find it not credible and not supported by the exhibits within the administrative record.  The Court should reject Defendant's contention set forth in its February 16th Affidavit for this PPT meeting and find instead that there is no credible evidence that the Plaintiff had ever received the procedural safeguards.

iii.  The December 14, 1999 IEP (PPT) Meeting.

In his February 16th Affidavit, Mr. Russo has asserted that a copy of the procedural safeguards annexed to his affidavit had been distributed to the Plaintiff or his parent at the December 14, 1999 meeting.  While the IEP notice for this meeting contains a check mark notation indicating that a copy of the procedural safeguards would be provided at the IEP (PPT) meeting, <u>Hearing Exhibit P-18,</u> the actual record of that meeting containing Defendant's preprinted form letter indicated that a copy of the procedural safeguards had been provided at the December 14, 1999 meeting and the Plaintiff did not have any questions regarding those procedural safeguards.  <u>Hearing Exhibit P-20.</u>  However, the affiant provided no testimony at the hearing regarding this meeting and the Defendant failed to introduce any copies of the procedural safeguards as part of its exhibits to support its claim.  Further, the Defendant's own letter dated December 9, 1999 to the State Department of Education, <u>Hearing Exhibit P-42 pp 1 & 2,</u> clearly raises a contested issue of fact as to whether the procedural safeguards annexed to the December 9, 1999 letter was the version actually in use and distributed rather than the version annexed to the affidavit of Mr. Russo.  A careful review of <u>Hearing Exhibit P-42 p. 2</u> and the provisions of 34 CFR §300.504 (a), (b) reveals that very few of the fourteen (14) component parts required by the IDEA regulation were actually incorporated in the Defendant's rights and appeal procedure sheet that may have been distributed by the Defendant around December, 1999.

The Supreme Court in Board of Ed. v. Rowley, 458 U.S. 176, 206, 102 S. Ct 3034 (1982), had emphasized the importance of procedural compliance in order to determine if the Defendant had provided the Plaintiff with a free appropriate public education.  The Court should find either that a contested fact exists with respect to whether the Defendant had distributed one version attached to its Affidavit or the version in Hearing Exhibit P-42(2) at the PPT meeting or find that Mr. Russo's affidavit was not credible and contradicted by substantial evidence in the administrative proceeding.  The Court should reject Defendant's contention set forth in its February 16th Affidavit with respect to this PPT meeting and find that no procedural safeguards were ever distributed at this PPT meeting or if once had been distributed it failed to conform to the provision of 34 CFR §300.504(b).

iv.  The September 5, 2001 IEP (PPT) Meeting.

In his February 16th Affidavit, Mr. Russo has asserted that a copy of the procedural safeguards annexed to his Affidavit had been provided to the Plaintiff or his parent at the September 5, 2001 IEP (PPT) meeting.  While Hearing Exhibit P-31(3) suggests that a copy of the procedural safeguards "was made available to Plaintiff at the meeting," the fact remains that the Defendant had failed to introduce any testimony about the safeguards or provide a copy as an exhibit in the administrative hearing.  Further, the Plaintiff's mother had testified that she did not ever receive a copy of the September 5, 2001 IEP documents until her counsel had received a copy from Mr. Russo per a January 25, 2002 facsimile and then sent that IEP to her.  Hearing Exhibits P-30, P-31(1), Testimony of Sharon Bruno pp.

83-85 (9/5/02 Transcript).  The affiant did not provide any testimony at the hearing regarding this PPT meeting and the Defendant has failed to introduce any copies of procedural safeguards to the record of the hearing.  The Court should find Mr. Russo's affidavit not credible and contradicted by substantial evidence on the record of the administrative procedure.

The Plaintiff has established that as of March 3, 2000 none of the Defendant's IEP forms had ever been approved by the State Department of Education for compliance with the 1997 Amendments to the IDEA.  Hearing Exhibit P-42 pp 39-53.  As set forth in the State Department of Education's Program Review Final Report dated July 22, 1998, the Defendant's Procedural Safeguards did not contain "all required information."  Hearing Exhibit P-43 pp. 3-4.  The Defendant has failed to produce any evidence during the hearing establishing its compliance with the notice requirements set forth in 34 CFR §300.504(b).  The Court should not permit the Defendant to supplement the administrative record with a self-serving affidavit of Joseph Russo, especially when that Affidavit has been contradicted by substantial and competent evidence already part of the administrative record.

The Court has considerable discretion to allow the administrative record to be supplemented,  Jean N. v. Tirozzi,  17  EHLR 580 (D. Conn. 1991), however, the Defendant should not be allowed to supplement the record by having their witness either repeat or embellish their prior administrative hearing testimony.  Burlington v. Department of Ed., 736 F. 2d 790 (1st Cir. 1984), aff'd on other grounds

471 U.S. 359 (1985). Further, the Court should not allow the Defendant to supplement the record and change this proceeding from judicial review of the administrative proceedings, 20 U.S.C. §1415 (i)(2)(B)(i), and then allow this matter to become a trial de novo. See, Metro Govt. v. Cook 915 F. 2d 232, 234-35 (6th Cir. 1990). If the Defendant has failed to produce relevant evidence during the administrative proceedings on a critical issue involving the content of its procedural safeguards and whether such safeguards were actually provided to the Plaintiff or his parent, the Court should not reward the Defendant's decision not to introduce a complete copy of Plaintiff's existing educational records during the administrative hearing and allow it instead to save its best evidence for trial. Metro Govt. v. Cook, supra, at p. 235. There is prejudice that will inure to the Plaintiff by allowing the Defendant's affidavit, especially since the Plaintiff is unable to cross-examine the affiant and he has been forced instead to cite to the relevant provisions of the administrative record. The Court should reject Defendant's affidavit from Joseph Russo and the information therein, for these reasons.

    2. The Court Should Reject the Affidavit of Mary Forde.

    In her Affidavit dated February 13, 2005, Mary Forde has asserted that the notice of procedural safeguards annexed to her Affidavit were used by the Defendant. The record of the April 16, 1999, December 14, 1999, May 26, 2000 and September 5, 2001 PPT meetings, Hearing Exhibits P-17, P-20, P-21 and P-31, does not list Mary Forde as an attendee. Consequently this affiant has no personal

knowledge whatsoever as to whether any version of the procedural safeguards had been provided to the Plaintiff or his parent at any PPT meeting.  Further, the administrative record has established that the State Department of Education had specifically found the Defendant's procedural safeguard notices to be inconsistent with the 1997 Amendments to the IDEA as of the July 22, 1998 Program Review.  Hearing Exhibit P. 42 pp 1-4.  In addition, as of March 26, 2000, the State Department of Education had not yet approved Defendant's IEP forms for compliance with the 1997 Amendments to the IDEA. Hearing Exhibit P-42 pp 39-55. Despite the administrative record has clearly established the Defendant's IEP/PPT forms were not in compliance with the IDEA during the period of July 22, 1998 through March 3, 2000, nevertheless, the affiant has sworn or affirmed that the Defendant had used the State Department of Education forms in April, 1999, December, 19999, May, 2000 and September, 2001.  There is no credible evidence on the record that Defendant had ever used the procedural safeguards annexed to Ms. Forde's Affidavit, and in fact there is substantial evidence that the affiant herself had requested permission from the State Department of Education to use a procedural safeguard notice that was entirely inconsistent with 34 CFR §300.504(b).  Hearing Exhibit P-42 pp 71-72.

The Court should find Mary Forde's Affidavit was at best to be irrelevant and at worst contradicted by substantial evidence already in the administrative record.  The Court should reject the Defendant's contention set forth in Mary Forde's affidavit and find instead that while the State Department of Education

may have developed the procedural safeguard booklet annexed to Mary Forde's affidavit, there is no credible evidence in the record that these forms were ever distributed to the Plaintiff or his parent during any of these PPT meetings.

**B.  THE COURT SHOULD FIND THAT THE PLAINTIFF HAS ESTABLISHED THAT THE DEFENDANT HAD ACTED WITH BAD FAITH OR GROSS MISJUDGMENT IN VIOLATION OF SECTION 504.**

In his Amended Complaint Paragraph 14, p. 14, the Plaintiff has alleged in Count Two that his rights secured by Section 504 had been violated.  The Plaintiff has alleged that he was a person with a disability, Amended Complaint Paragraph 8; that he was otherwise qualified for the Defendant's program of special education, Amended Complaint Paragraph 8; that the Defendant was a recipient of federal financial assistance, Amended Complaint Paragraph 10; and that he was improperly excluded form Defendant's program of special education due to gross procedural violations as well as the denial of a free appropriate public education.  Amended Complaint Paragraphs 12, 18, 19, 34, 35, 36, 37, 38, 39, 40, 41, 51 and 56.

The Defendant's Answer has generally denied the allegations in the Amended Complaint and it has only admitted that the Plaintiff was a student who had been enrolled in Greenwich Public Schools and he had received special education.  In its Rule 56(a)(2) Statement dated July 16, 2004, filed in response to Plaintiff's Statement of Material Facts Not In Dispute dated June 1, 2004 the Defendant has not seriously contested the fact that the Plaintiff has a disability, that he required special education, or that the Plaintiff or his parent had

presented concerns at various PPT meetings indicating that the Plaintiff had unmet needs and should not graduate.  In Plaintiff's Statement Paragraph 2, he has alleged that he was a student with a disability who was identified by Defendant as a student in need of special education.  The Defendant admitted most of Plaintiff's Statement in Paragraph 2 of its Local Rule 56(a)(2) Statement. The Defendant's Local Rule 56(1)(2) Statement Paragraph 3, has admitted that it had placed the Plaintiff in its special education program during the 1995-96 to 1999-00 school years.  Clearly the Defendant's Answer and Local Rule 56(a)(2) Statement should allow the Court to find that 1) the Plaintiff was a person with a disability, the Plaintiff was otherwise qualified for the program of special education and related services, and that the Defendant was a recipient of federal financial assistance thereby satisfying three out of the four requirements of Section 504.  Mrs. C. v. Wheaton; 916 F. 2d 69, 74 (2d Cir. 1990).  The fourth element of whether he was excluded from special education is a contested issue insofar as the Plaintiff has alleged in his Amended Complaint Paragraphs 13, 15, 16, 18, 19, 32, 34, 35, 37 and 38 that he was improperly excluded from his special education program, that he had significant unmet academic, social and vocational needs, and that he did not ever receive proper procedural notices from the Defendant that he would be exited from special education at the end of the 1999-00 school year.  The Defendant has generally denied these allegations in its Answer.

The Court had allowed the Plaintiff to supplement the administrative record by introducing the DSM-IV definition of Asperger's Syndrome.  In addition,

<u>Hearing Exhibits</u> P-1 (3), P-1 (6), P-7  (1), P-9 (5), P-12, P-15, P-17 involve evaluation reports that clearly established that the Plaintiff had impaired judgment, illogical thinking and that he was socially immature as more fully set out in each of those evaluation reports, as well as the DSM-IV definition.   The Defendant took advantage of the Plaintiff's disabling conditions and failed to obtain any informed consent form him to discontinue his special education program.   <u>Mrs. C. v. Wheaton</u> at 72-73.  Even if the Plaintiff could have provided informed consent, the Defendant never provided him with the written prior notices required by 34 CFR §300,503, nor is there any evidence that a copy of the procedural safeguards containing all the required information per 34 CFR §300.504 (b) was ever distributed by the Defendant at any PPT meetings during the 1998-99 or 1999-00 school years, before exiting or excluding the plaintiff from special education.  The Court can find that the evidence in the record of the hearing clearly established a strong inference or a conclusive fact that the Defendant had excluded the Plaintiff from its federally funded special education program by socially promoting him and by ignoring the concerns presented by Plaintiff's parent at various PPT meetings during the 1998-99 and 1999-00 school years.

Section 504 not only requires that the Defendant not discriminate on the basis of Plaintiff's disabilities, 34 CFR §104.4; but that federal law also requires the Defendant to provide him with a free appropriate public education, 34 CFR §104.33, as well as comply with Section 504's procedural requirements.  34 CFR §104.36.  In order to change Plaintiff's placement and then graduate him, the

Defendant would have been required to have current evaluation data, 34 CFR §104.35(a); as well as comply with the IDEA's procedural requirements.  34 CFR §104.36; [1] 34 CFR §§300.503, 300.504.  The Defendant failed to have a current evaluation when it decided to change Plaintiff's placement through graduation, [2] and compounded that decision through the conspicuous absence of any evidence in the record of the hearing that the Defendant had ever provided the Plaintiff with any notice of his procedural safeguards, <u>Board of Ed. v. Rowley,</u> 458 U.S. at 206-207.  There was evidence that the Plaintiff was not meeting his IEP goals and objectives during the 1999-00 school year, <u>Hearing Exhibits</u> P-17, B-8; nor was he receiving all the services specified in his IEP, <u>Testimony of Norma Seluktekin</u> pp. 190-91 (10/18/02) Transcript).  Thus, the Court can find that the Defendant had acted in bad faith when it elected to deny him a free appropriate public education, socially promote him and improperly graduate him in June, 2000 by concluding instead that he was "on target" to graduate.  <u>Hearing Exhibit</u> B-16(2).

The Plaintiff has established gross procedural violations that should entitle him to receive an award of compensatory education for the denial of a free appropriate public education and the violation of his rights.  <u>Mrs. C v. Wheaton</u>, supra at p. 75.  The Court can find that the gross procedural violations of Plaintiff's IDEA rights are sufficient for the court to conclude that there was "bad faith or gross misjudgment" in violation of Section 504's free appropriate public education

---

[1] The predecessor to the IDEA was the EHA referenced in this regulation.

and procedural requirements, as well. <u>A.W. v. Marlborough,</u> 25 F. Supp. 2 27(D. Conn. 1998). The Plaintiff respectfully requests the Court to grant his motion for summary judgment on Count Two of the <u>Amended Complaint.</u>

**III.**        **<u>CONCLUSION</u>**

WHEREFORE, for these reasons and those presented in Plaintiff's Motion for Summary Judgment dated May 31, 2004 and Memorandum of Law and Reply Memorandum of Law dated May 31, 2004 and June 23, 2004, the Plaintiff respectfully requests the Court to grant his Motion for Summary Judgment and deny Defendant's Motion for Summary Judgment.

PLAINTIFF

By_____
    Lawrence W. Berliner
    Klebanoff & Alfano, P.C.
    Corporate Center West
    433 South Main Street Suite 102
    West Hartford, CT 06110
    Tel. No. (860) 313-5005
    Fed. Bar No. CT 7002

**CERTIFICATION**

This is to certify that a copy of the foregoing was mailed this 18th day of February 2005 by U.S. Mail first class, postage prepaid to Attorney Valerie Maze, Assistant Town Attorney, Town Hall, 101Field Point Road, Greenwich, CT.

_____
Attorney Lawrence W. Berliner

---

[2] The last comprehensive evaluation of Plaintiff's needs had been completed by the Defendant during February 1999 and March 1999, <u>Hearing Exhibits</u> P-14 and P-15, over sixteen (16) months prior to the Plaintiff's June 2000 graduation.