UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| DAVID BRUNO | } | |
| | } | |
| Plaintiff | } | |
| | | |
| V. | } | CIVIL ACTION NO. |
| | | |
| GREENWICH BOARD OF EDUCATION | } | 3:02 CV 02192 (WWE) |
| | } | |
| Defendant | } | MARCH 30, 2005 |

**PLAINTIFF'S REPLY MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT**

I.   **INTRODUCTION**

On or about February 16, 2005, the Defendant filed a Motion for Summary Judgment along with two (2) Affidavits.  On or about February 18, 2005, the Plaintiff filed a reply memorandum of law establishing conclusively that the record and/or transcript of the administrative hearing did not support the information set forth in the affidavit of Joseph Russo.  The Defendant filed a reply memorandum dated March 14, 2005 in response to Plaintiff's February 18th submission. The Plaintiff respectfully requests the Court to consider this sur-reply memorandum of law and annexed affidavits of David Bruno and his mother Sharon Bruno, as conclusive evidence that the notice of procedural safeguards annexed to Joseph Russo's affidavit were never provided by the Defendant to the Plaintiff or his mother at the three (3) PPT meetings scheduled prior to the June, 2000 graduation date.

## II.  **LEGAL ARGUMENT**

The Plaintiff or his mother have submitted affidavits each dated March 26, 2005 establishing that they did not receive the notice of procedural safeguards annexed to Joseph Russo's affidavit at PPT meetings scheduled on either April 16, 1999, December 14, 1999 or May 26, 2000. The Plaintiff did not receive any information relative to the September 5, 2001 PPT meeting until the Defendant had provided a copy to Plaintiff's counsel several months later.  A-R-Hearing Exhibit – P-31.[1]

A review of the April 16, 1999 IEP/PPT meeting documents, A-R Hearing Exhibit P-17, does not establish the fact that any procedural safeguard notices required by the 1997 Amendments to the IDEA were provided at this meeting. Instead, the notice of this IEP/PPT meeting, A-R Hearing Exhibit B-7, stated that a copy of the procedural safeguards will be provided "when you attend your first Notice of Referral to the Individualized Education Plan Team Meeting (IEP)." The record has established that as far back as April 21, 1994 (if not before that date), the Plaintiff was receiving special education and related services. A-R Hearing Exhibit P-8. The record indicated further that the Defendant had originally placed the Plaintiff in special education on September 24, 1992. A-R Hearing Exhibit – P-10. However, there is no evidence provided by the Defendant that the Plaintiff or

his parents had received their procedural safeguard notices at that time.  Even if procedural safeguards had been originally provided around September, 1992, there is no record that the Defendant subsequently provided the Plaintiff with a copy of any procedural safeguards that conformed to the 1997 Amendments to the IDEA.  Further, the Defendant has not ever established that any of its notices had ever been approved by the Department of Education for compliance with the 1997 Amendments.  A-R Hearing Exhibit P-42.  Thus, there is an absence of any conclusive proof that the Defendant had ever provided to the Plaintiff or his mother the notice of procedural safeguards at the PPT meeting on April 16, 1999 Affidavit of David Bruno, Affidavit of Sharon Bruno.

      The Plaintiff turned age eighteen on September 14, 1999.  In accordance with the provisions of 34 CFR §300.517, the Plaintiff's legal rights vested on that date and he was legally responsible for decision making concerning his IEP.  There is no evidence that the Defendant had provided the Plaintiff or his mother of the notice of the transfer of rights.  34 CFR §300.517(a)(i),(3).  Nevertheless, despite knowledge of Plaintiff's date of birth and the fact he was age eighteen during September, 1999, the Defendant elected to send notice of the December 14, 1999 PPT meeting to Sharon Bruno and not to the Plaintiff.  A-R Hearing Exhibit – P-18.   Further, the Defendant sent the results of the December 14, 1999 PPT/IEP meeting to Sharon Bruno and not the Plaintiff. Hearing Exhibit No. P-20.  Further, Hearing Exhibit B-12 page 4, indicated that Sharon Bruno, not the Plaintiff

---

[1] The provision of state regulations required the Defendant to provide a copy of

purportedly acknowledged receipt of a copy of the notice of procedural safeguards at the December 14, 1999 PPT/IEP meeting.  However, as set forth in Sharon Bruno's Affidavit, she never actually received any procedural safeguards at this meeting, nor did the Plaintiff David Bruno, per his Affidavit.  The Defendant was obviously aware that the Plaintiff had turned age eighteen and in fact it even requested the Plaintiff to sign a consent form on December 14, 1999 in order to complete a vocational assessment, A-R-Hearing Exhibit P- , B-13.  However, like the April 16, 1999 PPT, Defendant has not provided any conclusive proof that it had ever provided either the Plaintiff or his mother with the notice of procedural safeguards at the December 14, 1999 PPT/IEP meeting.

The administrative record indicated that notice of the May 26, 2000 PPT meeting was sent to Sharon Bruno and not the Plaintiff.  A-R-Hearing Exhibit B-15. That notice informed Sharon Bruno that notice of procedural safeguards would be provided "when you attend your first Notice of Referral to the Individualized Education Plan Team Meeting (IEP)" Id. [2]  There is no record that either the Plaintiff or his mother ever received a copy of the notice of procedural safeguards at issue at this PPT meeting.  Affidavit of Sharon Bruno, Affidavit of David Bruno.  As set forth in their respective Affidavits, neither the Plaintiff nor his mother ever received a copy of the procedural safeguards annexed to Joseph Russo's Affidavit at the May 26, 2000 PPT meeting.  The check mark at the bottom of the

---

the IEP within five (5) days following the PPT meeting.  RSA§10-76d-13(a)(6).
[2] The Plaintiff was placed in special education on September 24, 1992 A-R Hearing Exhibit – P-10.

May 26, 2000 PPT/IEP form indicating that a copy of the procedural safeguards "was made available at the meeting," is not dispositive of Defendant's contention, especially since there was no evidence ever provided by the Defendant confirming this fact or ever establishing that its procedural safeguard notices had ever been approved by the State Department of Education for compliance with the 1997 Amendments to the IDEA.  <u>A-R-Hearing Exhibit –P-42 pp.1, 4, 22, 39, 88 and 89.</u>

Even if the Plaintiff or his mother had received the notice of procedural safeguards at the September 5, 2001 PPT, the Defendant had determined that the Plaintiff had received an appropriate educational program while enrolled in Greenwich High School (GHS) during the 1996-2000 period and denied each of the Plaintiff's requests at that PPT meeting.  <u>A-R-Hearing Exhibit P-31</u>. Consequently, the Plaintiff was forced to request a Due Process hearing which is the subject of the Complaint.

### III. **CONCLUSION**

WHEREFORE, for the foregoing reasons, and those set forth in Plaintiff's Motion for Summary Judgment dated May 31, 2004, Memorandum of Law dated May 31, 2004, Reply Memorandum of Law dated June 23, 2004 and Plaintiff's Motion for Summary Judgment and Reply Memorandum of Law both dated February 18, 2005, the Plaintiff respectfully requests the Court to grant his motion(s), deny Defendant's Motion, reverse the administrative decision, and grant him the relief requested in the Complaint by providing him with "appropriate relief" to

remedy the violations of his federal and state law rights as provided for in 20 U.S.C. §1415(i)(2)(B)(ii) and federal court decisions thereon.

              Respectfully submitted,

              PLAINTIFF


              By_____
               Lawrence W. Berliner
               Klebanoff & Alfano, P.C.
               Corporate Center West
               433 South Main Street Suite 102
               West Hartford, CT 06110
               Tel. No.  (860) 313-5005
               Fed. Bar No. CT 7002

**CERTIFICATION**

      This is to certify that a copy of the foregoing Motion and attached Memorandum of Law was mailed this 30th day of March, 2005 by U.S. Mail first class, postage prepaid to Attorney Valerie Maze, Assistant Town Attorney, Town Hall, 101Field Point Road, Greenwich, CT.

                                                                              _____
                                                                              Attorney Lawrence W. Berliner