UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

**FILED**

2005 APR 18  A 9: 56

U.S. DISTRICT COURT
BRIDGEPORT, CONN

-------------------------------------------------------X
DAVID BRUNO                                    :    CIVIL ACTION NO.
                                               :    3: 02CV2192 (WWE)
                    Plaintiff,                 :
v.                                             :
                                               :
GREENWICH BOARD OF EDUCATION                   :
                                               :
                    Defendant.                 :
-------------------------------------------------------X    April 12, 2005

### DEFENDANT'S BRIEF IN OPPOSITION TO PLAINTIFF'S REPLY MEMORANDUM OF LAW / AFFIDAVITS DATED MARCH 30, 2005

The arguments raised in the plaintiff's Reply Memorandum of Law in Support of Motion for Summary Judgment dated March 30, 2005 ("the Reply brief") are not supported by the plaintiff's affidavits and are not supported by the administrative record.   Nor do the plaintiff's recently filed affidavits create a genuinely disputed fact for the reasons which follow.  The balance of the arguments contained in the Reply brief otherwise fail.

1.    Plaintiff's two new affidavits do not support the claims made in the Reply brief.    Plaintiff argues in his Reply brief that he and his mother "never actually received any procedural safeguards" at the three (3) meetings scheduled prior to his June 2000 graduation.  Plaintiff's Reply brief p. 1, p.4.   The two affidavits do not, however, support that claim.  Mr. Bruno's affidavit does not state that he never actually received any procedural safeguards at the three (3) meetings scheduled prior to the June 2000 graduation.   Mrs. Bruno's affidavit, which mimics the language of her son's affidavit, likewise does not state that she

never actually received any procedural safeguards at the three (3) meetings scheduled prior to the June 2000 graduation.  Thus the affidavits fail to support the argument made in the Reply brief.    All that the affidavits say is that the plaintiff had his mother have no "specific" recollection of ever receiving a copy of the notice of procedural safeguards that were annexed to Mr. Russo's affidavit.   They claim in their March 2005 affidavits they do not "recognize" the three different forms of notices of procedural safeguards.    Even assuming that is true at this point in time some <u>five or six years later</u>, the lack of a "specific" recollection or recognition of various forms of procedural safeguards that were used does not establish that Mr. Bruno  did not receive the notices of procedural safeguards.  If that were the case, the affidavits would so state unambiguously.  Here, the affidavits fail even to create a genuine dispute of material fact in the face of an overwhelming record that the plaintiff was provided with notice of his procedural safeguards and the fact that the plaintiff received a free and appropriate education as a matter of law.

2.    The records emanating from meetings before Mr. Bruno's graduation from high school document that the procedural safeguards were provided in fact. The record from the December 14, 1999 IEP meeting documented that a copy of the procedural safeguards was provided.  See Board Exhibit B-12, p. 4 of 4 (signature page stating "*I have received a copy of "Procedural Safeguards in Special Education*" on December 14, 1999 signed by David Bruno and Sharon Bruno).  In addition, the cover sheet to the summary of the December 14, 1999

2

meeting makes reference to the procedural safeguards and the right to a hearing.[1] Plaintiff has already acknowledged that the record as to the December 1999 meeting contained the notation as to providing procedural safeguards.[2]

Likewise there is no *genuine* dispute that the record emanating from the May 20, 2000 IEP meeting, which also occurred before the graduation, documented that a copy of the procedural safeguards <u>was</u> provided at the meeting. See Board Exhibit B-16, p. 1 of 2.

There being no genuine dispute that the procedural safeguards were provided at the meetings in December 1999 and May 2000, the plaintiff thus focuses on the April 16, 1999 IEP document (Parent exhibit P-17 which is also Board exhibit B-8). This document is, unlike the notices issuing from the December 1999 meeting and the May 2000 meeting (Board exhibits B-12 and B-16, respectively), is actually an Individualized Education Plan that was developed at the meeting back in April 1999, more than a year before graduation. It is not in the form of a summary, or minutes, as the other documents were. The parent and David Bruno attended that meeting when the IEP was developed (see B-8, p.1; P-17, p.1). This document, the IEP, contained the clear reference to the projected

---

[1] This cover sheet to the summary of the December 14, 1999 meeting, B-12, p. 2, stated: Mr. Russo informed David's parent(s) that, as a parent(s) of a child who is (eligible for) or (may be eligible) for special education services, they are entitled to certain procedural safeguards. Should they disagree with outcome of the I.E.P. meeting, they have the right to initiate a due process hearing by writing to the CT State Department of Education. They were provided with a complete copy of the safeguards, given an opportunity to ask questions and asked to sign the form which verifies that they had received them.

[2] See Plaintiff's Memorandum of Law in Opposition to Defendant's Motion for Summary Judgment and Memorandum of Law in Support of Plaintiff's Motion for Summary Judgment dated February 18, 2005 at p. 5.

graduation date of June 2000 on the transition services plan developed at that time (see B-8, p. 9 of 11; P-17, page 10 of 11).

3.    The plaintiff never litigated his case during the administrative hearing on the theory that he did not receive any of his notices of procedural safeguards as he now appears to claim.  The significance of this fact cannot be understated. Such an argument was nowhere to be found at the administrative hearing, flies in the face of the record, and is not borne out even by the two recently filed affidavits which are legally insufficient to create a genuine dispute as to a material fact.

4.    Plaintiff raises an additional argument now in his purported Reply brief to the effect that there is no evidence that the Board provided the plaintiff or his mother with a notice of transfer of rights when the plaintiff turned eighteen years old in high school.  Plaintiff's reply brief at page 3.[3]    As authority for the argument plaintiff cites a federal regulation, 34 CFR§300.517(a).  That regulation does not impose a duty upon school boards to provide a notice of transfer;  the regulation provides only that a state "may" require that when a student with a disability reaches the age of majority under state law that applies to all students, the state may provide that that the public agency shall  provide any notice required to the individual and the parents.  Plaintiff fails to cite any authority that the state of Connecticut has or had any rule in place requiring the Board to issue a notice of

---

[3] Plaintiff also claims in the Reply brief that it was improper for the Board to send certain notices of meetings in 1999 or 2000 to the plaintiff's mother rather than to the plaintiff alone.   Plaintiff's reply brief at pp. 3-4.   There is no citation as to a rule requiring such a procedure.  Nor is there any dispute that the plaintiff was residing with his mother at all times in high school or that David Bruno himself attended all the IEP Team meetings in 1999 and 2000.

transfer of rights to David Bruno at the age of eighteen.   The undersigned is not aware of any such rule. [4] [5]

For the foregoing reasons, based on the administrative record and arguments raised in the Board's briefs on file, there is no genuine dispute as to a material fact and the Board's motion for summary judgment should be granted.

THE DEFENDANT,
GREENWICH BOARD OF EDUCATION

By: _____
Valerie E. Maze
Federal Bar No. CT 14080
Law Department, Town Hall
101 Field Point Road
Greenwich, CT  06836-2540
Telephone:(203) 622-7878
Fax:(203) 622-3816

---

[4] Even if there were such a duty, which is disputed, the failure to provide a written notice would have been at most a technical defect which could not impact the provision of a free and appropriate education which David Bruno received as a matter of law.   There is no dispute that it was David Bruno's decision to graduate from high school in June 2000.

[5] David Bruno testified the issue of graduation was discussed in meetings that he satisfied the requirements, and that he made the decision to graduate when he did. Testimony of David Bruno, 7/31/02, pp. 72, 74-76, 102-103.

## **CERTIFICATION**

This is to certify that a copy of the foregoing has been sent postage prepaid

on April 12, 2005 via first-class United States mail to:


      Lawrence W. Berliner, Esq.
      Klebanoff & Phelan, P.C.
      Corporate Center West
      433 South Main Street, Suite 102
      West Hartford, CT 06110.

                                    _____
                                    Valerie E. Maze