FILED

2005 APR 26  A 11: 01

U.S. DISTRICT COURT
BRIDGEPORT, CONN

UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| DAVID BRUNO | } | |
| Plaintiff | } | |
| V. | } | CIVIL ACTION NO. |
| GREENWICH BOARD OF EDUCATION | } | 3:02 CV 02192 (WWE) |
| Defendant | } | APRIL 15, 2005 |

**PLAINTIFF'S SUR-REPLY MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT**

The Plaintiff submits this sur-reply brief in response to Defendant's April 12, 2005 Memorandum of Law.

1. The Plaintiff or his mother did not suddenly complete an affidavit "some five or six years later" stating that they did not receive the notice of procedural safeguards at issue. <u>Defendant's Memorandum of Law p. 2.</u> There was testimony presented at the Due Process hearing as well as exhibits such as <u>Parent Exhibit No. 42</u> that established the lack of any notice and/or the lack of notice of procedural safeguards that conformed to the requirements of the 1997 Amendments to the IDEA set forth in 20 U.S.C. §1415(m) and 34 CFR §300.504(a). The Court should reject Defendant's contention that the Plaintiff or his mother had completed self serving affidavits some five or six years after the fact, when the record of the administrative hearing, including testimony and exhibits, conclusively established

either the Defendant's failure to provide any notice or that Defendant's procedural safeguard notice conformed to the 1997 Amendments to the IDEA.

2. The Defendant had failed to introduce any evidence during the Due Process Hearing conclusively establishing that any notice of procedural safeguards was ever provided to the Plaintiff or his mother. The Defendant's exhibits are devoid of any copies of the notice of the procedural safeguards that were supposedly provided. Further, the Defendant had failed to introduce any evidence that its notices, even if they had been provided, had ever been approved by the State Department of Education for compliance with the requirements of the 1997 Amendments to the IDEA, set forth in 20 U.S.C. §1415(m), 34 CFR §300.504(a). In contrast, the Plaintiff has established that the State Department of Education had never provided its approval to the Defendant's procedural safeguard notices, even if the Defendant had in fact provided the Plaintiff or his mother with a copy. A-R-P-42. The fact that a box was checked on some of the Defendant's IEP forms is not dispositive of the fact that notice of procedural safeguards had been provided, when the overwhelming evidence on the record of the Due Process hearing as supplemented by the Plaintiff's March 26, 2005 affidavit and his mother's affidavit, established the contrary.

3. The Court should reject Defendant's claim that this case "was never litigated during the administrative hearing on the theory that [the Plaintiff] did not receive any of his notices of procedural safeguards as he appears to claim." Defendant's Memorandum of Law p. 4. The record of the hearing has established

2

the exact opposite. Further, a careful review of the record, including Plaintiff's counsel's oral argument before the Due Process Hearing Officer revealed that was one of the many claims that were in fact presented for resolution. <u>Transcript of Administrative Hearing pp. 172-75 (October 24, 2002).</u> Therefore, the Court should reject Defendant's contention to the contrary.

    4. The provisions of 20 U.S.C. §1415(m)(1)(C) provides that a public agency such as a local school district "... <u>shall</u> notify the individual [student] and the parents of the transfer of rights." The provisions of 20 U.S.C. §1415(m)(1)(A) required the Defendant to provide a copy of notices of procedural safeguards required by 20 U.S.C. §1415(d) to <u>both</u> the student <u>and</u> the parents. The provision of 34 CFR §300.517(a) are entirely in accordance with the provision of 20 U.S.C. §1415(m) irrespective of Defendant's suggestion that the use of the word "may" in the regulation suggests that the notice provisions were discretionary. Further, since 1980, State Department of Education regulations have required local school districts to provide parents with notice of their various rights. RSA §§10-76d-8(a), (b), (c); 10-76d-12(c). Further, a child may be invited to participate in a PPT meeting RSA §10-76d-12(n). Therefore, the Court should reject Defendant's contention that neither federal nor state law imposed "a duty upon school boards to provide notice of a transfer [of rights]", or that the State of Connecticut does not have "any rule in place requiring the Board to issue a notice of transfer of rights ... ." <u>Defendant's Memorandum of Law pp. 4-5.</u>

WHEREFORE, for the foregoing reasons and those previously presented to the Court, the Plaintiff respectfully requests the Court to grant Plaintiff's Motion for Summary Judgment, deny Defendant's Motion, and award him appropriate relief to remedy the violations of his federal and state law rights.

Respectfully submitted,

PLAINTIFF

By_____
Lawrence W. Berliner
Klebanoff & Alfano, P.C.
Corporate Center West
433 South Main Street Suite 102
West Hartford, CT 06110
Tel. No. (860) 313-5005
Fed. Bar No. CT 7002

## CERTIFICATION

This is to certify that a copy of the foregoing Motion and attached Memorandum of Law was mailed this 15th day of April, 2005 by U.S. Mail first class, postage prepaid to Attorney Valerie Maze, Assistant Town Attorney, Town Hall, 101 Field Point Road, Greenwich, CT.

_____
Attorney Lawrence W. Berliner