```
                UNITED STATES DISTRICT COURT
                  DISTRICT OF CONNECTICUT
DAVID BRUNO,                      :
        Plaintiff,                :
                                  :           3:02CV2192(WWE)
        v.                        :
GREENWICH BOARD OF EDUCATION,     :
        Defendant.                :
```

### RULING ON CROSS MOTIONS FOR SUMMARY JUDGMENT

The plaintiff, David Bruno, a student who qualified for special education services during his high school education, seeks reversal of an administrative hearing officer's final decision that denied him compensatory education and services. He alleges that the hearing officer's decision violates the Individuals with Disabilities Education Act ("IDEA") (count one), Section 504 of the Rehabilitation Act of 1973 (count two), the Fourteenth Amendment of the United States Constitution (count three) and state special education laws (count four).

In a prior motion for summary judgment, plaintiff argued that defendant committed gross procedural violations of the IDEA that effectively denied him of a free appropriate education. Specifically, plaintiff complained that defendant failed to provide him with the required statutory notices of his procedural rights and safeguards during the 1998-1999 and 1999-2000 academic years.  In a cross motion for summary judgment, defendant countered that no gross procedural violation occurred so as to confer a right to compensatory education.

In a ruling dated December 20, 2004, this Court denied without prejudice cross-motions for summary judgment.  The Court found, after review of the evidence, that defendant may well have satisfied the IDEA's procedural safeguards but that the

1

additional evidence was necessary to confirm such compliance. Specifically, the Court instructed the defendant to supply the Court with a document entitled "Procedural Safeguards in Special Education," and evidence demonstrating that this document was provided to the plaintiff or his parents.  The Court further instructed the defendant to clarify whether it moved for summary judgment on the remaining federal claims, and if so, to provide a legal basis for entry of judgment on such claims.  The parties have now cross moved for summary judgment incorporating the arguments from the prior motions.  Defendant has moved for summary judgment on all federal counts of the complaint and supplemented the record as requested.   For the following reasons, the motions for summary judgment will be denied.

## BACKGROUND

The Court incorporates herein the factual background stated in the Court's previous ruling.  However, the Court recites the following undisputed facts that are relevant to plaintiff's claim and that are supported by additional evidence submitted and by the record.

Plaintiff's claim of a gross procedural violation relates to the IEPs held on April, 1999, May 26, 2000, and September 5, 2001, at which times he asserts that defendant failed to provide the requisite notice of the procedural safeguards.

The notice to the April 16, 1999 IEP meeting states:

You will be given a complete copy of "Procedural Safeguards for Children in Special Education" when you attend your Notice of Referral to the Individualized Education Plan Team Meeting (IEP).

However, the IEP form memorializing that meeting does not indicate whether notice of such procedural safeguards was given. Joseph Russo, Administrator of the Greenwich Public Schools, avers that a copy of the document referred to as the "Procedural Safeguards in Special Education" was provided to plaintiff and his parent at this meeting.

The IEP minutes from the December 14, 1999 meeting indicate that the procedural safeguards were explained, and that the parents "did not have any questions about these procedural safeguards." Plaintiff's mother signed a verification that she had received a copy of the "Procedural Safeguards in Special Education."

The IEP forms from the May 26, 2000 and September 5, 2001 meetings also indicate that a copy of the "Procedural Safeguards in Special Education" were made available, although verification of receipt by signature is not apparent. However, Mr. Russo avers that a copy of the "Procedural Safeguards in Special Education" was provided to David Bruno and his parent at these meetings.

Mr. Bruno and his mother have submitted affidavits representing that they have no recollection of having received such notice of the procedural safeguards.

After evidence was taken at a due process hearing, the hearing officer, Margaret Slez, issued her decision, which considered whether 1) the board followed proper procedures in determining the eligibility of plaintiff for graduation; 2) the board improperly denied the plaintiff special education and related services during the 2000-2001 and 2001-2002 school years after the plaintiff's graduation with a regular high school diploma; 3) the board improperly denied the plaintiff's request for an independent evaluation subsequent to his graduation with a regular high school diploma, and 4) the board committed procedural violations so gross as to entitle the plaintiff to compensatory education. In her final decision and order, the hearing officer noted that the Individual Education Programs ("IEPs") developed at the PPTs prior to plaintiff's graduation clearly stated the student's anticipated date of graduation as June 2000. Accordingly, she held that plaintiff had received appropriate prior written notice of graduation. She also found that the evidence demonstrated that no procedural violations sufficient to warrant an award of compensatory education had occurred. She concluded that plaintiff's eligibility for graduation was properly determined, and plaintiff was no longer entitled to special education services after graduation.

This litigation ensued.

## DISCUSSION

A motion for summary judgment will be granted where there is no genuine issue as to any material fact and it is clear that the moving party is entitled to judgment as a matter of law. Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). "Only when

4

reasonable minds could not differ as to the import of the evidence is summary judgment proper." <u>Bryant v. Maffucci</u>, 923 F.2d 979, 982 (2d Cir.), <u>cert. denied</u>, 502 U.S. 849 (1991).

The burden is on the moving party to demonstrate the absence of any material factual issue genuinely in dispute. <u>American International Group, Inc. v. London American International Corp.</u>, 664 F. 2d 348, 351 (2d Cir. 1981). In determining whether a genuine factual issue exists, the court must resolve all ambiguities and draw all reasonable inferences against the moving party. <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 255 (1986). If a nonmoving party has failed to make a sufficient showing on an essential element of his case with respect to which he has the burden of proof, then summary judgment is appropriate. <u>Celotex Corp.</u>, 477 U.S. at 323. If the nonmoving party submits evidence which is "merely colorable," legally sufficient opposition to the motion for summary judgment is not met. <u>Anderson</u>, 477 U.S. at 249.

<u>IDEA</u>

Under the IDEA, when a federal court reviews the findings and conclusions reached in a state administrative proceeding, it must base its decision on the preponderance of the evidence, after reviewing the administrative record and any additional evidence presented. 20 U.S.C. § 1415(i)(2)(B); <u>M.S. v. Bd. of Educ. of the City Sch. Dist. of the City of Yonkers</u>, 231 F.3d 96, 102 (2d Cir. 2000), <u>cert. denied</u>, 532 U.S. 942 (2001). This is not an invitation to the courts to substitute "their own notions of sound educational policy for those of the school authorities

5

which they review." Bd. of Educ. of Hendrick Hudson Cent. Sch. Dist. v. Rowley, 458 U.S. 176, 206 (1982).

If the reviewing court receives additional evidence, it may accept or reject the agency findings in accordance with whether such findings are supported by the expanded record. Bucks County Department of Mental Health/Mental Retardation v. Pennsylvania, 379 F.3d 61 (3d Cir. 2004).

To prevail on his claim for compensatory education pursuant to the IDEA, plaintiff must prove that gross procedural violations occurred that effectively deprived him of the right to a free appropriate public education. See Mrs. C. v. Wheaton, 916 F.2d 69 (2d Cir. 1990)(gross violation of statutory regulations resulted in exclusion of the student from school for a substantial period of time).

Thus, the Court must review whether the board complied with the procedures set forth in the IDEA. An IEP is a procedural mechanism that protects a child's rights to a free appropriate public education. 20 U.S.C. § 1414(d). It is a tailored written outline of the unique educational needs of an individual student and the services required to meet those needs. Walczak v. Florida Union Free School Dist., 142 F.3d 119, 122 (2d Cir. 1998). Congress sought to protect individual children by providing for parental involvement in the development of state plans and policies and in the formulation of the child's IEP. Rowley, 458 U.S. at 208. However, when the student reaches the age of majority, all procedural rights accorded to the parents

6

transfer to the student. See 20 U.S.C. 1415(m); 34 CFR § 300.517.

Section 1415(d) provides that a copy of the existing procedural safeguards must be made available to the parents (or to the student if the rights have transferred) upon initial referral for evaluation, notification of an IEP meeting, reevaluation of the child, or receipt of a request for a due process hearing. These procedural safeguards include the right, inter alia, to independent evaluations, prior written notice of any proposals to initiate or change an educational program or placement, parent consent, access to educational records, complaint procedures, discipline procedures, mediation and due process hearings, filing of a civil action, and recovery of attorneys' fees.

Plaintiff argues that defendant's failure to satisfy the IDEA's procedural safeguards was a gross procedural violation resulting in the denial of a free appropriate public education. Defendant counters that this argument is not properly before the Court, since plaintiff failed to raise this argument during the administrative hearing. However, one of the central issues presented to the hearing officer was whether defendant had committed any gross procedural violation. Plaintiff's counsel argued before the hearing officer that plaintiff and his mother had not received adequate written notice in compliance with 34 C.F.R. § 300.503, which requires that written notice must include a statement concerning the protection of procedural safeguards or the means by which a copy of the available procedural safeguards

7

could be obtained.  Further, testimony of plaintiff's mother raised the issues of whether she objected to plaintiff's graduation and whether she understood her right to challenge it as delineated by IDEA's procedural safeguards.  Thus, the Court finds that the issue was sufficiently raised at the administrative level.

As stated in its prior ruling, it appeared from the record that the defendant may well have complied with the IDEA's procedural safeguards.  Plaintiff now represents that neither he nor his mother recollect receiving the procedural safeguards at the PPT meetings.  The Court cannot resolve credibility on a motion for summary judgment.  The Court finds that disputed issues of fact exist relative to whether plaintiff received these procedural safeguards, and thus the Court is precluded from granting summary judgment on this case.

## CONCLUSION

For the foregoing reasons, the defendant's motion for summary judgment [#44] is DENIED, and plaintiff's motion for summary judgment [#43] is DENIED.

A short bench trial relative to whether plaintiff properly had notice of his IDEA procedural safeguards is scheduled for June 7 and 8, 2005.  The trial will begin at 9:30 A.M in hearing room 333.  The parties are requested to bring exhibit and witness

lists and, if necessary, any deposition designations or cross designations to court on June 7, 2005.


_____/s/_____
WARREN W. EGINTON
SENIOR UNITED STATES DISTRICT JUDGE

Dated at Bridgeport, Connecticut this 5th day of May, 2005.