UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| DAVID BRUNO | } | |
| | } | |
| Plaintiff | } | |
| | | |
| V. | } | CIVIL ACTION NO. |
| GREENWICH BOARD OF EDUCATION | } | 3:02 CV 02192 (WWE) |
| | } | |
| Defendant | } | JUNE 2, 2005 |

**PLAINTIFF'S TRIAL MEMORANDUM**

In accordance with the Standing Order on Trial Memoranda, the Court's Decision dated May 5, 2005 and Rule 26(f) Planning Report approved by the Court on November 30, 2003, the Plaintiff submits this Trial Memorandum as follows:

1) **Trial Counsel**

The Plaintiff will be represented by Attorney Lawrence Berliner, Klebanoff & Alfano, P.C., 433 South Main Street, Suite 102, West Hartford, CT 06610; (860) 313-5005; Fax: (860) 313-5010; E-mail: kleblaw@snet.net.

2) **Jurisdiction**

The Court has jurisdiction over Plaintiff's claims pursuant to 20 U.S.C. §1415(i)(7)(A), 20 U.S.C. §794a, and 20 U.S.C. §1331, 1367.

3) **Jury/Non Jury**

This is a non-jury case.

4) **Nature of Case**

This is an action that was commenced pursuant to the I.D.E.A., 20 U.S.C. §1400 et seq.; Section 504 of the Rehabilitation Act of 1973, as amended; and state special education and administrative law. Conn. Gen. Stat. §§4-183, 10-76 et seq.

The Plaintiff had commenced a Due Process Hearing against the Defendant before a State Department of Education administrative hearing officer alleging that his right to receive a free appropriate public education (FAPE) pursuant to applicable state law, Conn. Gen. Stat. §10-76 et seq. and federal law, 20 U.S.C. §1400 et seq., 20 U.S.C. §794a, during the 1999-00 and 2000-01 school years had been denied. The Plaintiff had alleged inter alia that the Defendant had failed to provide him, as well as his parent, with a copy of the procedural safeguards as required by the IDEA and Section 504, and that failure constituted a gross procedural violation that would have entitled him to receive compensatory education to remedy the denial of FAPE, and other appropriate relief, as an appropriate remedy.

5) **Stipulation of Fact/Law**

The Court has not requested any new stipulations of fact and has scheduled a Bench Trial as set forth in the Court's decision dated May 5, 2005 on a contested issue of fact specified therein.

The parties had previously stipulated to three (3) sets of facts as set forth in their Rule 26(f) Planning Report dated February 20, 2003 and approved by the Court on August 30, 2003.

6) **Plaintiff's Contention**

The Plaintiff has alleged that the Defendant had denied him FAPE as required by the IDEA, Section 504, and applicable state education law.  In addition, the Plaintiff has alleged that the Defendant has failed to provide him or his parent with a copy of his written prior notice, his procedural safeguards prior to his eighteenth birthday and it failed to provide the Plaintiff with a copy of his procedural safeguards at PPT meetings to his parent or to him once he turned age eighteen as required by the IDEA, Section 504, and applicable state law, and such violations were gross violations that entitled him to receive compensatory education.  Further, the Plaintiff has alleged that the administrative decision was clearly erroneous and not supported by substantial evidence on the record.

7) **Defendant's Contention**

As set forth in Defendant's Answer, the Defendant has generally denied each of the allegations in the Complaint.  The Defendant believes that the administrative decision was proper.

8) **Legal Issues**

The legal issues to be tried have been framed by the Court's Decision dated May 5, 2005, in particular whether the Defendant had provided the Plaintiff notice of procedural safeguards at the PPT meetings convened on April 16, 1999, December 14, 1999, May 26, 2000 and September 5, 2001 as required by the IDEA and Section 504.

9) **Voire Dire Questions**

Not applicable.

10) **Witness List**

The following witnesses will be called at trial:

1) David Bruno, Plaintiff, 12 Rockland Place, Greenwich, CT

2) Sharon Bruno, Plaintiff's mother, 12 Rockland Place, Greenwich, CT

3) Mary Forde, Director of Special Education Greenwich Public Schools, Greenwich, CT

4) Joseph Russo, Greenwich Public Schools, Greenwich, CT

Each witness is expected to testify as to what had transpired at PPT meetings convened by the Defendant on April 16, 1999, December 14, 1999, May 26, 2000 and September 5, 2001 relative to the issue(s) framed by the Court's Decision dated May 5,

2005, in particular whether the procedural safeguards at issue were distributed either before or during such PPT meetings.

The Plaintiff reserves the right to call rebuttal and impeachment witnesses.

11) **Exhibits**

Transcripts and Exhibits from the administrative hearing have been filed as part of the record of the administrative proceeding in Case No. 01-138. Parent's Exhibits Nos. 1 to 42 and Board's Exhibits 1 to 28 were filed with the Court in a pleading dated May 31, 2004. In addition, exhibits AR No. 1 to AR No. 6 and H.O. No. 1 were filed.

Transcripts of the administrative hearing on July 19, 2002, July 31, 2002, September 4, 2002, September 5, 2002, September 13, 2002, October 18, 2002 and October 24, 2002 were also filed on or about May 31, 2004.

Exhibits that may be relevant for trial include, but are not limited to :

| | | |
|---|---|---|
| P-1 | Evaluation Report (7/15/92) |
| P-6 | Evaluation Report (1/7/94) |
| P-7 | Evaluation Report (4/19/94) |
| P-8 | April 21, 1999 IEP/PPT |
| P-9 | Evaluation Report (9/9/94) |
| P-10 | May 19, 1997 IEP/PPT |

| | |
|---|---|
| P-12 | May 28, 1998 IEP/PPT |
| P-15 | Evaluation Report April 14, 1999 |
| P-17 | April 16, 1999 IEP/PPT |
| P-18 | PPT Notice (12/1/99) |
| P-20 | December 14, 1999 IEP/PPT |
| P-21 | May 26, 2000 IEP/PPT |
| P-29 | Evaluation Report (11/20/01) |
| P-30 | Letter to Mary Forde (1/17/02) |
| P-31 | September 5, 2001 IEP/PPT |
| P-42 | Department of Education and Greenwich Public Schools forms, reports, and correspondence |
| B-1 | May 29, 1999 IEP/PPT |
| B-6 | School Psychologist's Evaluation April 4, 1999 |
| B-7 | PPT Notice March 26, 1999 |
| B-8 | April 16, 1999 IEP/IEP |
| B-11 | PPT Notice December 1, 1999 |
| B-12 | December 14, 1999 IEP/PPT |
| B-13 | Consent Form December 14, 1999 |
| B-15 | PPT Notice May 9, 2000 |
| B-16 | May 26, 2000 IEP/PPT |
| B-22 | PPT Notice August 30, 2001 |

        B-23    September 5, 2001 IEP/PPT

        B-27    May 19, 1997 IEP/PPT

        RSA §10-76d-8

        RSA §10-76d-11(d)

        RSA §10-76d-12

        RSA §10-76d-13(a)(6)

12) **<u>Deposition Testimony</u>**

There is no deposition testimony <u>per se</u>. Instead, the Plaintiff designates the Transcript of the Administrative Hearing of witnesses who are expected to testify at trial and includes such pages as follows:

- <u>Transcript</u> of 10/18/02 Hearing, Pp. 186-89 (Norma Seluktekin)

- <u>Transcript</u> of 9/5/02 Hearing, pp. 99-199 (Jen Benoit)

- <u>Transcript</u> of 9/5/02 Hearing, pp. 5, 63-64, 66-68, 79-89, (Sharon Bruno)

- Transcript of 9/5/02 Hearing, pp. 41-44 (Claude Frank)

- <u>Transcript</u> of 7/19/02 Hearing

       pp. 68, 74 (Joseph Russo)

- <u>Transcript</u> of 7/19/02

       Hearing pp. 99-109 (Dr. Smaller)

- <u>Transcript</u> of 10/18/02

       Hearing, pp. 116-117 (Sharon Bruno)

       <u>Transcript</u> of 7/31/02

       Hearing, pp. 117-22, p. 147 (David Bruno)

13) **Request for Jury Instruction**

This is a Bench Trial and therefore this provision is not applicable.

14) **Evidentiary Problems**

This is a review based upon the record of the administrative record proceeding and all the testimony and exhibits filed with the Court on or about May 31, 2004 were previously admitted by the administrative hearing officer.

15) **Proposed Finding of Facts and Conclusion of Law**

See attached

16) **Trial Time**

The Court has scheduled a trial on June 7, 2005 and June 8, 2005.

17) **Further Proceedings**

8

        There are no further proceedings prior to trial.

18) **<u>Election for Trial by Magistrate</u>**

        The Court has scheduled a trial before the Honorable Warren W. Eginton, United States District Court Judge and the parties have not previously agreed to a trial before a Magistrate Judge.

        THE PLAINTIFFS

By_____
  Lawrence W. Berliner
  Klebanoff & Alfano, P.C.
  Corporate Center West
  433 South Main Street Suite 102
  West Hartford, CT 06110
  Tel. No. (860) 313-5005
  Fed. Bar No. CT 7002

**CERTIFICATION**

    This is to certify that a copy of the foregoing Motion and attached Memorandum of Law was mailed this 2nd day of June, 2005 by U.S. Mail first class, postage prepaid to Attorney Valerie Maze, Assistant Town Attorney, Town Hall, 101 Field Point Road, Greenwich, CT.

                                                  _____
                                                Attorney Lawrence W. Berliner