**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

-----------------------------------------------------------------X
| | |
|---|---|
| DAVID BRUNO : | CIVIL ACTION NO. |
| : | 3: 02CV2192 (WWE) |
| *Plaintiff*, : | |
| v. : | |
| : | |
| GREENWICH BOARD OF EDUCATION : | |
| : | |
| *Defendant*. : | JULY 7, 2005 |

-----------------------------------------------------------------X

## DEFENDANT'S POST- HEARING BRIEF

The defendant Greenwich Board of Education ("the Board" or "the defendant") submits this Memorandum of Law following the additional evidence heard by the Court on June 7, 8, and 9, 2005.

**I.  Applicable Legal Standards; Proposed Findings of Fact; Proposed Conclusions of Law**

The Board incorporates herein, by reference, the Applicable Legal Standards, Proposed Findings of Fact, and Proposed Conclusions of Law set forth in the defendant's Trial Memorandum dated June 6, 2005 previously submitted to the Court.

**II.  Additional Evidence Heard Does Not Establish Legal Basis for Compensatory Education**

After a thorough and careful review, involving seven days of hearings at the administrative level including testimony of multiple witnesses and multiple documentary exhibits, the hearing officer concluded that there was no gross procedural violation sufficient to warrant an award of compensatory education.  Hearing Officer's Final Decision and Order, Case # 02-138 attached as Appendix A to plaintiff's Complaint (hereinafter "Hearing Officer Decision"), p.7, ¶ 5.   The evidence before the Court

including, but not limited to, the additional evidence heard, supports the hearing officer's finding.

In affidavits filed in March 2005, plaintiff and his mother claimed they did not now have a "specific recollection" of receiving the notices of procedural safeguards in high school. The administrative record establishes, and the evidence before the Court confirms, that notices of procedural safeguards were given out at the IEP meetings in high school. Testimony of Jennifer Benoit, special education teacher/monitor, June 7, 2005; Testimony of Joseph Russo, administrator, Greenwich Public Schools, June 7, 2005. Ms. Benoit was present at David Bruno's IEP meetings and testified as to her confidence that the notices of procedural safeguards were given to the parent and student at these meetings. The records of the meetings which occurred after the plaintiff turned 18 years old documented that notices of procedural safeguards were provided at the two meetings (12/14/99 and 5/26/00) subsequent to Mr. Bruno's eighteenth birthday (9/14/99) and before his graduation in June 2000. Administrative Hearing Exhibit B-12, p.2 and p.4[1] (12/14/99 meeting); Administrative Hearing Exhibit B-16, p.1 (5/26/00 meeting). There is no dispute that David Bruno actually attended all the IEP meetings including the two meetings that occurred after he turned eighteen.[2]

Even if the Court finds, based on the additional evidence heard, that the notices of procedural safeguards were not literally placed in the hands of the plaintiff David Bruno at the two IEP meetings after he turned age 18 (but given to his mother at the

---

[1] The signature of Mrs. Bruno appeared on p.4 of B-12 documented the receipt of the notices of procedural safeguards. The testimony developed at trial indicated that said page did not contain the student's signature but only his name added by staff (to identify the student involved).

[2] The plaintiff testified he attended the IEP meetings all four years of high school. (Testimony of David Bruno, June 9, 2005).

2

meeting), the notices of procedural safeguards were reasonably available to the plaintiff: The record documents that the notices were provided to the parent at the meetings, in the room at the table where David Bruno was also present attending the same meeting. The notices were available if he chose to review them. Likewise, there is no dispute that notices sent home after the IEP meetings went to the house where he was living.

Even if the Court were to find that the Board did not place the notices of procedural safeguards literally in the hands of David Bruno himself after he turned age eighteen, such a failure did not, in any case, constitute a *gross* procedural violation which plaintiff must establish as a legal basis for any award of compensatory education. Ms. C. v. Wheaton, 916 F.2d 69 (2nd Cir. 1990). The cases where relief by way of compensatory education has been considered have involved a gross procedural violation which either deprived the student of a special education program altogether or for a long period of time. Ms. C. v. Wheaton, supra, (termination of educational placement of mentally retarded student without notice or consent of parent/guardian); Burr by Burr v. Ambach, 863 F.2d 1071 (2nd Cir. 1988) ("Burr 1") (exclusion from school for blind retarded student) vac. sub nom. Sobol v. Burr, 492 U.S. 902, 109 S.Ct 3209,106 L.Ed 2d 560 (1989), reaff'd, Burr by Burr v Sobol, 888 F.2d 258 (2d Cir 1989) cert. denied, 494 U.S. 1005, 110 S.Ct 1298, 108 L.Ed 2d 475 (1990); Murphy v Timberlane, 22 F.3d 1186 (1st Cir. 1994), cert. denied. 513 U.S. 987, 115 S. Ct. 484, 130 L.Ed.2d 396 (Deprivation of any special education services for two years); Westendorp v. Indep. Sch. District, 35 F.Supp 2d 1134 (D. Minn. 1998) (Denial of special education services to disabled student in private sectarian school); Lester H. by Octavio P v Gilhool), 916 F. 2d 865 (3rd Cir.1990), reh. denied, cert. denied, 499 U.S.

923, 111 S. Ct 1317, 113 L. Ed. 2d 250 (More than two years of inappropriate placement for profoundly retarded student); <u>Unified School District</u> #1, 64 Conn. App 273 (2001) (Failure to develop IEP or implement past IEP).

By contrast, as a matter of law, there can be no basis for compensatory education in a case such as this where, as the hearing officer properly found:

- David Bruno participated, along with his parent, in the IEP meetings.[3]
- David Bruno had an individualized education program (IEP) and received special education services throughout high school.[4]
- David Bruno received meaningful educational benefit and made progress in high school in the areas affected by his disability.[5]
- David Bruno advanced from grade to grade in high school.[6]
- David Bruno achieved passing marks in high school.[7]
- David Bruno admitted he fulfilled the requirements to graduate in one form or another.[8]
- David Bruno graduated from high school with a regular high school diploma.[9]

---

[3] See note 2, <u>supra</u>. Hearing Officer Decision, p. 2 ¶ 4

[4] Plaintiff's 56(a)(2) Statement dated June 22, 2004, ¶3 (admitting allegations of Defendants Local 56(a)(1) Statement dated May 28, 2004 ¶3); See, also, testimony of plaintiff David Bruno on cross examination June 9, 2005; Hearing Officer Decision, p. 2 ¶ 1.

[5] Hearing Officer Decision, pp. 2-4, ¶¶ 4-6; p. 69 ¶¶ 2-3; See, also, references to administrative exhibits and transcripts contained in Boards' Memorandum in Opposition to Plaintiff's Motion for Summary Judgments dated July 16, 2004 pp. 3-10; Defendant's Opposition to Plaintiff's Memorandum of Law in Support of Motion for Summary Judgment/Reply dated March 14, 2005, pp. 6-8.

[6] Hearing Officer Decision, p. 3 ¶ 5.

[7] Hearing Officer Decision, p. 3 ¶ 5.

[8] Hearing Officer Decision, p. 4 ¶ 7.

[9] Plaintiff's 56(a)(2) Statement dated June 22, 2004, ¶5 (admitting allegations of Defendants Local 56(a)(1) Statement dated May 28, 2004 ¶5); Hearing Officer Decision, p. 4 ¶ 8.

Thus, David Bruno received a free and appropriate education as a matter of law in high school. "Children who graduate from our public school systems are considered by our society to have been 'educated' at least to the grade level they have completed, and access to society to an education for handicapped children is precisely what Congress sought to provide in the [IDEA]." Board of Education v. Rowley, 458 U.S. 176, 203, 102 S.Ct. 3034 (1982). Having received services and a free and appropriate education as a matter of law, any claimed failure to put the notices of procedural safeguards literally in David Bruno's own hands at the two IEP meetings after he turned age eighteen (but providing them to the parent who was also present) could not constitute a gross procedural violation because the plaintiff received special education services, a free and appropriate special educational program in high school, and graduated with the benefit of that program with a regular high school diploma. Where a student has been able to graduate from high school with the special education program in place, compensatory education is not warranted. Parents of Student W. v. Puyallup School District No. 3., 31 F.3d 1489 (9th Cir. 1994). The plaintiff did not seek to have the high school diploma rescinded at any time. He is taking college courses at Mitchell College,[10] a private independent college offering associate and bachelor degree programs which is fully accredited by the New England Association of Schools and Colleges.[11] Moreover, having attended all the relevant IEP meetings in high school, there is no question that Mr. Bruno actually participated in the IEP process including,

---

[10] David Bruno is taking college courses and earning college credit. Testimony of Professor Peter Troiano, 9/4/02, pp. 107-108.

[11] Plaintiff's 56(a)(2) Statement dated June 22, 2004, ¶¶14-16. (admitting allegations of Defendants Local 56(a)(1) Statement dated May 28, 2004 ¶14-16).

but not limited to, the decision to graduate from high school in 2000.[12]  David Bruno admitted he knew the legal rights were his when he was 18 years old. Testimony of David Bruno, 6/9/05.

As a matter of law, there was no gross procedural violation in this case which could serve as the predicate for an award of compensatory education.[13]

### III. Mootness

The plaintiff is now 24 years old and is no longer eligible for special education services from the Board.[14]  Even assuming, *arguendo*, compensatory education were

---

[12] As the plaintiff testified, and the hearing officer found, David Bruno was offered an alternative to graduating in May 2000, i.e., instead staying at Greenwich High School to graduate one semester later. Mr. Bruno rejected that option.  Hearing Officer Decision, p.4, ¶ 7;  David Bruno testimony 10/31/02, pp. 74-76.

[13] The plaintiff has claimed that the content of the forms was not proper.  Such claims represent, at most, claims of technical, not gross, procedural violations which are immaterial in a case where compensatory education is sought and the student received a free and appropriate education as a matter of law.  In any event, the evidence demonstrated the forms used by the Board were appropriate:

- As the Director of Pupil Personnel Services for the Greenwich Board of Education testified, the written prior notice form concerning the May 26, 2000 meeting met the requirements of 34 CFR §300.503 in all respects.

- In addition, there was no question David Bruno had actual knowledge and notice of the planned graduation date of June 2000.  Hearing Officer Decision, p.3 ¶ 4,5; p.4 ¶ 7; Testimony of David Bruno 10/31/02, pp. 8, 74-75, 100-107, 118, 125, 127.

- In addition, the forms used by the Board were approved by the Connecticut Department of Education.  Testimony of Mary P. Forde, 6/7/05.

- There is no requirement under IDEA that the local board of education notify a student of transfer of rights at age 18 where a state does not have such a requirement.  34 CFR §300.517(a).  Even the forms generated by the Department of Education for the State of Connecticut for use by school districts did not contain any written notice to *the student* of transfer of rights. Administrative Hearing Exhibit P-42, pp. 93 and 96 (copies attached).  Mr. Russo testified that the practice was to provide notice of transfer of rights verbally at meetings.  Testimony of Joseph Russo, 6/9/05.  David Bruno admitted he knew the legal rights were his when he was 18 years old. Testimony of David Bruno, 6/9/05.

6

warranted, which is denied, an award of the type plaintiff seeks is unavailable to the plaintiff. Relief under the IDEA cannot be granted in the form of college tuition. Straube v. Florida Union Free School Dist., 801 F. Supp. 1164, 1181 (SDNY 1992).

> Part B does not authorize a school district to provide a student with compensatory education, through the provision of instruction or services, at the postsecondary level. See [34] C.F.R. Sec. 200.25. If a student is awarded compensatory education to cure the denial of FAPE during the period when the student was entitled to FAPE, the compensatory education must be the type of educational and related services that are part of elementary and secondary school education offered by the State.

Letter to Riffel, 34, IDELR 292 (2000). Therefore, even assuming for the purposes of argument that there was any conceivable standing to claim entitlement to compensatory education, which is denied, relief by way of payment of college tuition is unavailable under IDEA from a local board of education. Therefore, the case is moot.

## IV.     CONCLUSION

Based on the foregoing, and the memoranda in support of summary judgment previously filed by the defendant, judgment should enter in favor of the defendant Greenwich Board of Education.

THE DEFENDANT,<br>
GREENWICH BOARD OF EDUCATION<br>
<br>
By: _____<br>
Valerie E. Maze<br>
Federal Bar No. CT 14080<br>
Law Department, Town Hall<br>
101 Field Point Road<br>
Greenwich, CT  06836-2540<br>
Telephone:(203) 622-7878<br>
Fax:(203) 622-3816

---

[14] 34 CFR § 300.122 (A)(3)(i); C.G.S. § 10-76D(6).

## **CERTIFICATION**

This is to certify that a copy of the foregoing has been sent postage prepaid on July 7, 2005 via first-class United States mail to:

Lawrence W. Berliner, Esq.
Klebanoff & Phelan, P.C.
Corporate Center West
433 South Main Street, Suite 102
West Hartford, CT 06110.
(860) 313-5005
(860) 313-5010 (fax)

                                                                      _____
                                                                       Valerie E. Maze