## APPENDIX

A.  Letter to Riffel

B.  Affidavits of David Bruno and Beatrice Duni with attached financial records

Case 3:02-cv-02192-WWE    Document 66-2    Filed 07/08/2005    Page 1 of 4

**34 IDELR 292**

## Letter to Riffel

### Office of Special Education Programs
### August 22, 2000

*220.015 Discontinuation of Services*
*100.003 Beyond Age of Entitlement*
*100.005 In General*

### Summary

The purpose of a compensatory education award is to remedy the failure to provide services the student should have received in high school when he or she was entitled to FAPE, OSEP explained. Compensatory services are often appropriate as a remedy even after the period when a student is otherwise entitled to FAPE because, like FAPE, compensatory education can assist a student in the broader educational purposes of the IDEA, including obtaining a job or living independently.

**Kenneth R. Warlick, Director**

Dear Dr. Riffel:

This responds to your April 27, 2000 letter, in which you sought additional explanation March 20, 2000 letter regarding compensatory education services under Part B of the Individuals with Disabilities Education Act (IDEA). Our March 20, 2000 letter clarified the authority of your office, the Illinois State Board of Education (ISBE), to award compensatory education to a student with disability as a result of adjudicating the complaint filed on the student's behalf. We noted in our March 20, 2000 letter that the student's right to receive compensatory education, as a remedy for a previous denial of a free appropriate public education (FAPE) under the IDEA, is independent of any current right to FAPE.

Specifically, we noted that the remedy was appropriate because ISBE had already determined, under the IDEA, that the student, [ ] had been denied FAPE and had not been provided with the services listed in [ ]'s individualized education program (IEP). We stated that ISBE's mandate to the school district to reconvene her IEP team to determine the appropriateness of compensatory education services, for the period that ISBE determined that [ ] had been denied FAPE, was appropriate. However, we also noted that the student's receipt of a regular high school diploma (a terminating event under the IDEA to the right to FAPE), did not negate the student's independent right to compensatory education services because ISBE determined that the school district denied FAPE to the student. Your April

ations; all rights reserved.

27, 2000 letter sought further clarification and authority on this last point.

Despite the additional information provided, we find no provision in Part B that limits the authority of the State educational agency (SEA) in identifying the appropriate remedy for a student who has been denied FAPE, including an award of compensatory services. Because the basis of the compensatory services remedy is the past denial of educational and related services that were not originally provided, compensatory education as a remedy is available even after the right to FAPE has terminated. Thus, the student's election to graduate with a regular high school diploma does not alter the student's right to the compensatory education remedy identified by ISBE.

However, we concur with ISBE in its statement that Part B does not authorize a school district to provide a student with compensatory education, through the provision of instruction or services, at the postsecondary level. *See* 34 C.F.R. Sec. 300.25. If a student is awarded compensatory education to cure the denial of FAPE during the period when the student was entitled to FAPE, the compensatory education must be the type of educational and related services that are part of elementary and secondary school education offered by the State.

Compensatory educational and related services, as a remedy to redress the denial of FAPE, is available to both judicial officers and SEAs. *See* 20 U.S.C. Sec. 1415(e)(2); 34 C.F.R. Sec. 300.660(b)(1) ("corrective action appropriate to the needs of the child"), and 34 C.F.R. Sec. 300.662(c). The independence of the remedy of compensatory services is consistent with the primary statutory and regulatory purpose set forth under the IDEA, namely, "[t]o ensure that all children with disabilities have available to them a free appropriate public education that emphasizes special education and related services designed to meet their unique needs and prepare them for employment and independent living." *See* 20 U.S.C. Sec. 1400(d); 34 C.F.R. Sec. 300.1(a).

Federal circuit courts of appeal have confirmed the independence of the right to compensatory education as an equitable remedy to address the denial of FAPE from the right to FAPE generally, which latter right terminates upon certain occurrences (including reaching the age at which the right to FAPE ends or graduating with a regular high school diploma). *See generally, Board of Educ. of Oak Park v. Illinois State Board of Educ. et al.*, 79 F.3d 654, 660 (7th Cir. 1996) (noting "[c]ompensatory education is a benefit that can extend beyond the age of 21 [the terminating FAPE age in Illinois]."); *Murphy v. Timberlane Regional School Dist.*, 22 F.3d 1186 (1st Cir.) (affirming award of two years of compensatory education to former student after student had reached the [otherwise terminating-FAPE] age of 21 given finding that FAPE had been denied to student), *cert. denied*, 115 S.Ct. 484 (1994); *Appleton Area School Dist. v. Benson*, 32 IDELR 91 (E.D. WI 2000) (authorizing award of compensatory education to a student who graduated with a regular high school diploma). *See also School Comm. of Town of Burlington v. Department of Educ.*, 471 U.S. 359, 369-70, 105 S.Ct. 1996, 2002-03 (1985).

A student's decision to graduate with a regular high school diploma does not automatically relieve a school district of its responsibility to provide that student with compensatory education and related services awarded to the student. The purpose of the award is to remedy the failure to provide services that the student should have received during [ ]'s enrollment in high school when [ ] was entitled to FAPE. Compensatory services are often appropriate as a remedy even after the period when a student is otherwise entitled to FAPE because, like FAPE, compensatory services can assist a student in the broader educational purposes of the IDEA, namely to participate in further education, obtain employment, and/or live independently. For example, if a student was denied services on [ ]'s IEP (such as speech services or additional reading or math instruction), [ ] may not have ever achieved the proficiency necessary to utilize the skills consistent with the broader purposes of the IDEA. The fact that the student has graduated or reached the age at which the right to FAPE would ordinarily end does not necessarily negate the relevancy of, and the need for, compensatory services.

Regarding your request for further clarification, while we agree that this student no longer is entitled to FAPE, by reason of [ ]'s decision to graduate with a regular high school diploma, we find nothing in the regulation at 34 C.F.R. Sec. 300.122(a)(3) that would relieve a school district of its obligation to provide a student with compensatory education in the form of services that would address the services that [ ] was denied during the period of [ ]'s entitlement to FAPE.

There is nothing in this clarification, however, which requires or authorizes a school district to provide a student with compensatory services at the junior-college level, unless such services also would be considered elementary and secondary school education in Illinois. Rather, we understand the purpose of

the ISBE's decision was to mandate that the school district reconvene the IEP team for this student to determine the need for compensatory services based on those services that the student had been denied.

We address here briefly your comments that the student is undergoing due process proceedings as well. Under Part B, a parent or a public agency may initiate an impartial due process hearing on any matter related to the identification, evaluation, or educational placement of the child, or the provision of FAPE to the child. *See* 34 C.F.R. Sec. 300.507(a). Within 45 days from the receipt of the hearing request, the hearing officer must provide the parties a copy of the final decision. Although the Part B regulations do not comprehensively list all of the specific remedies available to a hearing officer if he or she finds that a child has been denied FAPE, we have stated that an impartial hearing officer has the authority to grant any relief he or she deems necessary, inclusive of compensatory education, to ensure that a child receives the FAPE to which he or she is entitled. *See, e.g.,* OSEP Kohn Letter (February 13, 1991) reprinted at 17 EHLR 522 (noting "OSEP's position is that Part B intends an impartial hearing officer to exercise his or her authority in a manner which ensures that the due process hearing is a meaningful mechanism for resolving disputes between parents and responsible public agencies concerning issues relating to the provision of FAPE to a child. ..."). A copy of this letter is enclosed.

In this matter, we understand that the student requested a due process hearing after ISBE issued its decision on the complaint filed on behalf of the student under ISBE's state complaint procedures. While we have not reviewed the due process complaint, we assume that the student sought to enforce ISBE's determination, since the student prevailed as a result of the complaint filed on [ ]'s behalf with ISBE. Therefore, there is nothing in the Part B regulations that would permit ISBE to delay enforcement and implementation of its decision.

We hope that you find this explanation helpful in clarifying your concerns. If you would like further assistance, please contact either JoLeta Reynolds, at (202) 205-5507, or Greg Corr at (202) 205-9027.

© 2004 LRP Publications