UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| DAVID BRUNO | } | |
| | } | |
| Plaintiff | } | |
| | | |
| V. | } | CIVIL ACTION NO. |
| | | |
| GREENWICH BOARD OF EDUCATION | } | 3:02 CV 02192 (WWE) |
| | } | |
| Defendant | } | JULY 13, 2005 |

**PLAINTIFF'S REPLY MEMORANDUM OF LAW TO DEFENDANT'S POST TRIAL BRIEF**

**A.     The Plaintiff is Entitled to Receive an Award of Compensatory Education to Remedy Defendant's Gross Violation of Plaintiff's Procedural Rights**

The Defendant has asserted that additional evidence deduced at trial does not establish a legal basis for an award of additional special education. Defendant's Post Trial Memorandum of Law @ p.1.  On June 9, 2005, the Court issued a Bench Decision finding as a matter of fact that the Plaintiff did not receive notice of his procedural safeguards once he turned age eighteen (18).  In Mrs. C. v. Wheaton, 916 F. 2d 69 (2d Cir. 1990), the Second Circuit found that an award of compensatory education was appropriate when the IDEA (formerly EHA) regulations were "grossly violated."  Mrs. C., supra @75, (citing Burr v. Ambach, 863 F. 2d 1071, 1075 (2d Cir. 1988).).  In Mrs. C., the Court of Appeals found that an award of compensatory education was appropriate when a school district had failed to follow the IDEA's procedures before terminating an educational

placement.  Mrs. C., supra at 75.  Further, the Second Circuit held that "compensatory education is a proper remedy … for enforcing (IDEA) educational rights (and) compensatory education is an appropriate remedy when Section 504 is used to enforce (IDEA) rights."  Id. The Court in the present matter should find that the failure of the Defendant to provide the Plaintiff with notice of his procedural safeguards once he turned age eighteen (18), improperly and illegally deprived him of educational opportunities that he would have been otherwise entitled to receive both during and after the 1999-00 school year.  The Defendant, in this matter, like the appellee in Mrs. C., took advantage of the student's infirmities,[1] in order to evade compliance with the IDEA's procedures.  Mrs. C., supra at 75.  The Court should award the Plaintiff at least two years of compensatory education based upon the Court's June 9, 2005 finding of fact that the Defendant did not provide the Plaintiff with notice of his procedural safeguards thereby establishing that the IDEA's regulations were "grossly violated" by the Defendant.  Mrs. C., supra.

> **B.  The Court Should Reject Defendant's Assertion that it is Bound By the Hearing Officer's Finding of Facts on FAPE and Therefore Compensatory Education is not Available.**

The Defendant has asserted that the Hearing Officer made certain findings that FAPE had been provided and therefore compensatory education is not

---

[1] See Plaintiff's Reply Memorandum of Law in Support of Motion for Summary Judgment pp. 4-5 (6/22/04) (citing Hearing Exhibits P-6, P-7, P-9, P-12, P-15, P-29, B-6 and B-12; Testimony of Dr. Smaller pp. 99-109 (7/19/02); Testimony of David Bruno

available as a remedy.  Defendant's Post Trial Memorandum of Law pp. 4-5. Defendant's assertion apparently fails to consider the proper role of judicial review of an IDEA administrative determination.  The Plaintiff incorporates by reference the argument set forth in Plaintiff's Memorandum of Law in Support of Motion for Summary Judgment pp-6-10 (May 31, 2004) on the applicable standard of review of IDEA administrative decision.  The Court is not bound by the Hearing Officer's legal conclusions, nor is the Court bound by the Hearing Officer's factual findings unless supported by substantive evidence on the record..

      The fact that the Hearing Officer found that the Plaintiff had attended PPT meetings, Defendant Post Trial Memorandum of Law at p. 4 was not dispositive of the fact that the United States District Court had found that he did not receive notice of his procedural safeguards at those meetings.  Further, as the Plaintiff had testified on June 9, 2005, had he known about his procedural safeguards while a student at Greenwich High School, he would have been in a better position to participate in PPT meetings and to make meaningful and informed decisions regarding his educational program, including the decision whether to graduate. Trial Testimony of David Bruno (6/9/05).  The Plaintiff lost educational opportunities as the direct result of the Defendant's failure to provide him with notice of his procedural safeguards.

---

pp 72-73 (7/31/02); Testimony of Jen Benoit pp 128-30 (9/5/02) and Testimony of

### C.  Compensatory Education is an Appropriate Remedy for A Denial of FAPE.

The Defendant has asserted that compensatory education is not appropriate because the Plaintiff had received meaningful educational benefit and made progress in high school.  <u>Defendant's Post Trial Memorandum of Law</u> at p. 4.  The record has conclusively established the exact opposite, despite the Hearing Officer's findings.  As set forth in <u>Exhibit</u> <u>P-29,</u> Dr. Smaller had determined that the Plaintiff still had significant unmet academic, social and vocational needs at the time she completed her evaluation.  The Defendant's progress reports for the 1999-00 school year established that the Plaintiff did not receive a grade of 'C' or better in all courses as required by his IEP, <u>Exhibit P-17;</u> that the Plaintiff did not attend his classes, that he had inappropriate classroom behaviors, <u>Exhibit P-20,</u> <u>Testimony of Jen Benoit</u> pp. 128-29 (9/5/02), <u>Testimony of Norma Selutekin</u> pp. 21-24 (10/24/02); and that he failed to participate in any counseling.  <u>Testimony of Norma Selutekin</u> pp. 189-92 (10/24/02).  This evidence should have supported a finding that the Defendant failed to provide Plaintiff with FAPE.

The Defendant has asserted that compensatory education is not appropriate because the Plaintiff had advanced from grade to grade in high school.  <u>Defendant's Post Trial Memorandum of Law</u> p.4.  The Supreme Court in <u>Bd. of Ed. v. Rowley,</u> 458 U.S. 176, 203 fn 25 (1982) stated that advancement from grade to grade does not automatically mean that a student had received FAPE.  <u>Letter to Riffel</u> 34 IDELR 292 (OSEP 2000).  Since there was conclusive evidence that

---

<u>Norma Selutiken</u> pp. 21-24, 189-92 (10/24/02).

4

the Plaintiff had not achieved IEP goals and objectives; had not received the related services specified in his IEP; and did not have his Transition Plan properly implemented, there was no basis for the Defendant to conclude at the May 26, 2000 PPT that Plaintiff was "on target" to graduate.

The Defendant has asserted that compensatory education is not appropriate because the Plaintiff had achieved passing marks in high school <u>Defendant's Post Trial Memorandum of Law p. 4.</u>  The 1999-00 IEP did not specify "passing marks" as the basis of determining appropriate progress.  <u>Exhibits B-6, B-12, B-17.</u>  Instead, the 1999-00 IEP required a grade of 'C' or better in all courses.  The Plaintiff received a grade of 'D' in at least two courses and dropped one or more courses at the December 14, 1999 PPT meeting.  The Plaintiff did not make satisfactory progress in his 1999-00 IEP and he continued to have unmet academic, social, and vocational needs at the time Dr. Smaller had evaluated him over a year following the June, 2000 graduation.  <u>Exhibit P-29.</u>

The Defendant has asserted that the Plaintiff had admitted that he fulfilled graduation requirements.  A review of the Plaintiff's testimony on July 31, 2002 reveals that the Plaintiff did not ever admit that he had fulfilled the graduation requirements.  <u>Testimony of David Bruno</u> pp. 42-151 (7/31/05).  Instead, the Plaintiff testified that he generally understood that graduation had been discussed at a PPT, that it would end a part of his life, and that he did not understand alternatives to graduation.  <u>Testimony of David Bruno</u> pp. 72-75 (7/31/02).  Moreover, the Plaintiff testified at the Due Process hearing that he Defendant never informed him

5

at the May 26, 2000 PPT that he would not be eligible for special education services if he graduated. <u>Testimony of David Bruno</u> p. 124 (7/31/02). The Defendant Board of Education, not the Plaintiff student, is required by law to determine whether graduation requirements have been fulfilled in accordance with state law requirements and the fulfillment of IEP goals and objectives. The Court should reject Defendant's assertion.

The Defendant has asserted that the Plaintiff was not entitled to compensatory education because the IDEA precluded the reimbursement of college tuition. <u>Defendant's Post Trial Memorandum of Law</u> pp. 6-7. Professor Troiano testified that the C.A.R.E.S. program and LRC services at Mitchell College was a specialized program for students with learning disabilities, attention deficit disorders and ADHD. <u>Testimony of Professor Troiano</u> pp. 89-90 (9/4/02). The LRC program provided students with comprehensive supports. <u>Id. a</u>t pp. 93-94. The witness testified that if the Plaintiff was successful in his participation in this program, then he would be eventually eligible for an associate degree. <u>Id.</u> P.97. The C.A.R.E.S. program and LRC program provided the Plaintiff with various levels of support, services for writing, learning, and assists students with accommodations and modifications in order that they will become independent. <u>Id.</u> Pp. 93-94. This program of instruction and supports was hardly the traditional four year post-secondary program, but provided instead, educational support services that would have allowed the Plaintiff to enter the traditional post-secondary program at Mitchell College, if the Plaintiff was successful. In effect, the C.A.R.E.S. program

and LRC services provided the Plaintiff the services he should have received from the Defendant, if he was to be independent after high school.

The Court has considerable discretion to award the plaintiff "appropriate relief," 20 U.S.C. §1415 (i)(2)(B), and an award of compensatory education was designed to "redress the denial of FAPE," <u>Letter to Riffel</u> 34 CFR 292 (OSEP 2000); and such awards should further "broaden educational purposes of the IDEA, <u>namely to participate in further education, obtain employment, and/or live independently."  Letter to Riffel,</u> supra (emphasis added;) See also, 34 CFR §300.1. <u>Id.</u>  The C.A.R.E.S. program and LRC services provided by Mitchell College were remedial and support services that were designed to support and foster the Plaintiff's academic independence.  It is immaterial whether the services were provided on the campus of Greenwich High School or Mitchell College, if such services were the fundamental equivalent of the services that the Defendant should have provided in order to fulfill the broader purposes of the IDEA, namely to further Plaintiff's education, ability to obtain employment, and provide his ability to live independently.  <u>Letter to Riffel, supra.</u>  The Court should award the Plaintiff the costs of the C.A.R.E.S. program and related costs as an appropriate award of compensatory education.

        D.      **<u>The Plaintiff's Case is not Moot.</u>**

The Defendant has asserted <u>inter alia</u> that the case is moot because an award of compensatory education is unavailable to the Plaintiff because he is now age twenty-four (24).  <u>Defendant's Post Trial Memorandum of Law at pp. 6.</u>

The Court has previously addressed this claim and rejected it outright in its <u>Decision</u> on Defendant's Motion to Dismiss.  In its <u>Decision</u> dated August 21, 2003, the Court succinctly stated, "(t)his Court agrees with the Plaintiff that the case is not moot.  The Second Circuit recognizes that a claim of compensatory education is available to a claimant over the age of twenty-one where 'gross' procedural violations have occurred.  <u>Garro v. State of Connecticut</u> 23 F. 3d 734 (2d Cir. 1994); see also, <u>Mrs. C. v. Wheaton,</u> 916 F. 2d 69, 75 (2d Cir. 1990)."  <u>Bruno v. Greenwich Bd. of Ed.</u> Civil Action 3:02 CV 2192 (WWE), <u>Ruling on Defendant's Motion to Dismiss</u> pp 4-5 (august 21, 2003).  The Court should reaffirm its previous ruling on the Defendant's moot ness contention and reject it outright.

    **E.**    **Conclusion.**

WHEREFORE, for the foregoing reasons, the Plaintiff respectfully requests the Court to grant his Motion for Summary Judgment on the Amended Complaint and grant his "appropriate relief" as provided for by the IDEA in addition to the other relief requested.

RESPECTFULLY SUBMITTED,

THE PLAINTIFFS

By_____
  Lawrence W. Berliner
  Klebanoff & Alfano, P.C.
  Corporate Center West
  433 South Main Street Suite 102
  West Hartford, CT 06110
  Tel. No.  (860) 313-5005
  Fed. Bar No. CT 7002

**CERTIFICATION**

    This is to certify that a copy of the foregoing Motion and attached Memorandum of Law was mailed this 13th day of July, 2005 by U.S. Mail first class, postage prepaid to Attorney Valerie Maze, Assistant Town Attorney, Town Hall, 101 Field Point Road, Greenwich, CT.

                                                             _____
                                                             Attorney Lawrence W. Berliner