UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

```
------------------------------------------------------------X
DAVID BRUNO                         :    CIVIL ACTION NO.
                                    :    3: 02CV2192 (WWE)
                Plaintiff,          :
v.                                  :
                                    :
GREENWICH BOARD OF EDUCATION        :
                                    :
                Defendant.          :    JULY 21, 2005
------------------------------------------------------------X
```

## DEFENDANT'S REPLY BRIEF

The defendant Greenwich Board of Education ("the Board" or "the defendant") hereby submits this brief in reply to the plaintiff's Post-trial Memorandum of Law in Support of Motion for summary Judgment and plaintiff's Reply Memorandum of Law:

1.   Plaintiff argues there was a gross procedural violation with regard to notifying the plaintiff of the transfer of rights at the age of majority.  Plaintiff's Reply Memorandum at p. 2.  As a matter of law, however, for the reasons stated in defendant's briefs, the plaintiff received a free and appropriate education in high school because he received meaningful educational benefits and graduated with a regular high school diploma with the special education program provided in place.  Therefore, there can be no question of a "gross" procedural violation in this case.

In addition, both Mr. Bruno and his parent had actual of knowledge as to the transfer of rights.  Mrs. Bruno testified that, in her son's senior year in high school, she knew that the decision to graduate was David Bruno's to make.  Testimony of Sharon Bruno, 10/18/02, p. 150.  David Bruno testified he knew the legal rights were his to exercise at that time.  Testimony of David Bruno, 6/9/05.

2.  Plaintiff refers to certain administrative decisions where hearing officers have apparently awarded costs of a "non-degree program."  Post-Trial Memorandum of Law at page 16.   Any such decisions are inapposite.  There is no evidence that the plaintiff's program at Mitchell College is a non-degree program.  Mitchell College is a private independent college offering associate and bachelor degree programs and is fully accredited by the New England Association of Schools and Colleges.  Plaintiff's 56(a)(2) Statement dated June 22, 2004,  ¶¶14-16.   Thus the relief plaintiff seeks is, in any event, unavailable and the case is moot.

3.   In his briefs plaintiff now argues, without citing any evidence, that the program David Bruno undertook at Mitchell College was "hardly" a traditional four-year post-secondary program "but provided instead, educational support services that would have allowed the Plaintiff to enter the traditional post-secondary program at Mitchell College, if the Plaintiff was successful."  Plaintiff's Reply Brief at pp. 6-7;  Plaintiff's Post-Trial Memorandum of Law, p. 16.   Thus, plaintiff is attempting to imply that Mr. Bruno was or is attending a remedial program as some sort of prerequisite to entering the college program at Mitchell College.   Such an implication is, however, against the evidence and unfounded.   As already stated, there is no dispute that Mitchell College is a private independent college offering associate and bachelor degree programs and is fully accredited by the New England Association of Schools and Colleges.  In addition, the evidence adduced at the administrative hearing in September 2002, when Mr. Bruno was in his first semester at Mitchell College, established the following:

- David Bruno's IEP in high school indicated there was no projected service required after graduation from high school. Administrative Hearing exhibit B-8, p.9.

- After graduating from high school, the plaintiff worked for a period at home in accordance with his intent at the time, before attending college. Plaintiff's 56(a)(1) Statement, ¶10.

- David Bruno is admitted to the associates degree program at Mitchell College.[1]

- David Bruno is a fully accepted student at Mitchell College.[2]

- David Bruno is taking four or five college courses at Mitchell College.[3]

- These college courses are academic classes that David Bruno was taking <u>in addition to</u> the support sessions[4] he receives.[5]

- David Bruno is earning college credit.[6]

- Mitchell College does not offer high school level courses and its students do not have IEPs.[7]

- Mitchell College awards college degrees.[8]

---

[1] Testimony of Professor Peter Troiano (Professor at Mitchell College), 9/4/02, p.97, line 21.

[2] Id. at p. 120.

[3] Id. at pp 107-108.

[4] Professor Troiano detailed the kind of academic supports available to college students with disabilities at Mitchell College, ranging from modifications and accommodations in the course work alone (Level 3) to up to four sessions per week with a writing specialist and learning specialist (Level One). Id. pp. 93-94. David Bruno was receiving Level One support.

[5] Id. p. 96.

[6] Id. p. 108.

[7] Id. p. 111.

David Bruno himself testified that Mitchell College is going to provide him with a college degree in the area of writing.   David Bruno testimony 10/31/02, p. 140.

In short, there can be no question that Mr. Bruno is paying college tuition for college courses, not secondary school special education services.[9]  Therefore, for the reasons stated in the defendant's briefs, the relief requested is not available and the case is moot.

4.   To the extent the Court were to consider any award of reimbursement of any expenses at Mitchell College, the defendant requests a hearing before the court on the issue of any remedy. [10]

THE DEFENDANT,
GREENWICH BOARD OF EDUCATION

By: _____
Valerie E. Maze
Federal Bar No. CT 14080
Law Department, Town Hall
101 Field Point Road
Greenwich, CT  06836-2540
Telephone:(203) 622-7878
Fax:(203) 622-3816

---

[8] Id. p. 110.
[9] It should be noted that Mitchell College does not even offer social skills training.  Testimony of Peter Troiano, 9/4/02, p. 99-100.

[10] At the administrative hearing, there was testimony from Mrs. Sharon Bruno that grants and scholarships that had been awarded to David Bruno to cover the tuition for Mitchell College as well as the support program.  Testimony of Sharon Bruno 10/18/02, p. 31.  She also testified certain grants he has received are not required to be paid back.  Id. at p. 17.  In addition, Beatrice Duni is not a party and has no right to relief.  Nor does the affidavit of Beatrice Duni does not specify what educational expenses were covered by the checks referenced in the affidavit.   While Mr. Bruno is careful to phrase his affidavit attached to the Post-trial Memorandum of Law to say that he obtained loans attend "the CARES program at Mitchell College," the documents annexed to this affidavit indicate that the Stafford loans were "obtained while attending the MITCHELL COLLEGE."

5

## **CERTIFICATION**

This is to certify that a copy of the foregoing has been sent postage prepaid on July 21, 2005 via first-class United States mail to:

Lawrence W. Berliner, Esq.
Klebanoff & Phelan, P.C.
Corporate Center West
433 South Main Street, Suite 102
West Hartford, CT 06110.
(860) 313-5005
(860) 313-5010 (fax)

                                             _____
                                             Valerie E. Maze