UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| DAVID BRUNO | } | |
| Plaintiff | } | |
| V. | } | CIVIL ACTION NO. |
| GREENWICH BOARD OF EDUCATION | } | 3:02 CV 02192 (WWE) |
| Defendant | } | JULY 28, 2005 |

**PLAINTIFF'S SUR-REPLY MEMORANDUM OF LAW**

I. **INTRODUCTION**

The Plaintiff submits this Sur-Reply Memorandum of Law in response to Defendant's Reply Brief dated July 21, 2005.

II. **ARGUMENT**

1. Defendant has asserted that Plaintiff has claimed gross procedural violations based upon the fact that the Defendant had failed to provide him with notice of the transfer of his rights upon reaching the age of majority. Defendant's Reply Brief p.1. Defendant's assertion is incorrect. The Plaintiff has argued in his Reply Memorandum of Law that gross procedural violations had occurred based upon his assertion that the Defendant never provided him with a copy of the procedural safeguards at issue and the Court's Finding of Fact on June 9, 2005, that there was no evidence that the Plaintiff had received notice of his procedural rights once he turned age eighteen (18). Plaintiff's Reply

Memorandum of Law p. 1, 2.  The failure to comply with the IDEA's procedural safeguards can constitute a "gross violation," especially when that procedural violation has resulted in a denial of FAPE.  Mrs. C. v. Wheaton, 916 F. 2d 69, 75 (2d Cir. 1990).  While the Defendant's Reply Brief attempted to establish that the Plaintiff had received FAPE, the fact remains that according to the administrative record the Plaintiff did not make satisfactory progress on his 1999-00 IEP goals and objectives, Exhibit P-17; he did not attend all of his classes and had inappropriate behaviors when he did, Exhibit P-20, ; he did not receive all the related services specified in that IEP, Testimony of Norma Selutekin pp. 189-92 (10/24/02); and he did not have a transition plan that was appropriate or properly implemented as written, Transcript of July 31, 2002 Hearing pp 181,254; and he continued to have unmet academic, social, and vocational needs when he was evaluated by Dr. Smaller about a year after his graduation.  Exhibit P-29.  The Court can conclude that the Plaintiff did not receive FAPE during the 1999-00 school year and coupled with the Court's June 9, 2005 Finding of Fact that there was no evidence that the Defendant provided the Plaintiff with any notice of his procedural safeguards on or after September 14, 1999, the Court can find gross procedural violations of Plaintiff's rights throughout the 1999-00 school year and thereafter, as well as a corresponding loss of educational opportunities.  Mrs. C., supra.

     2.  The Defendant failed to provide the Plaintiff with FAPE during the 1999-00 school year and thereafter.  If it had, then there would have been conclusive evidence of his success with life after high school rather than conclusive evidence

of significant unmet academic, social, and vocational needs as found by Dr. Smaller's evaluation, Exhibit P-29; as well as other evidence that the Plaintiff resided at home after graduating that did not attend college or vocational school as contemplated by his transition plan, and he was unemployed for most of the period after graduation.  The purpose of special education was supposed to properly prepare the Plaintiff for independent living and successful employment after high school, 34 C.F.R. §300.1(a ); as well as "later educational challenges and employment ."  H. Rep. No. 105-95 p. 82 (1997); S. Rep. No. 105-17 p. 4 (attached); Letter to Moore 39 IDELR 189 (OSEP 2002).  This was supposed to occur through the development of a transition plan that would ensure that a student would "...make a successful transition to his or her goals for life after secondary school."  H. Rep. No. 105-95 pp. 101-102; S. Rep. No. 105-17 p. 22 (attached); Letter to Moore, supra. This did not occur since there was no evidence that the transition plan set forth in Plaintiff's 1999-00 IEP was ever implemented to ensure attendance at college or vocational schools as specified therein.  Exhibit B-8(9); Testimony of Chris Loverni pp. 181,254 (7/31/02).[1]

     The evidence had instead established that Plaintiff had resided at home form his date of graduation in June, 2000 until September, 2002 when he commenced the C.A.R.E.S. program at Mitchell College.  There was evidence that Plaintiff had significant unmet academic, social, and vocational needs even at

---

[1] The Defendant's vocational evaluation Exhibit B-14, was never reviewed at any PPT meeting prior to Plaintiff's graduation.  Exhibit B-16.

the time of Dr. Smaller's evaluation, <u>Exhibit P-29;</u> even though the Defendant had asserted that he had received FAPE and was "on target" to graduate during June, 2000. <u>Exhibit B-16.</u> There was no evidence that Plaintiff had any meaningful employment experiences during the two years that he resided at home after graduation other than a part time job at a pet store that he lost due to inappropriate social and job skills approximately four months following his graduation, <u>Transcript of David Bruno,</u> pp. 5, 9, 131-33, 142-43 (7/31/02); and a seasonal job at Walden Books, a local bookstore, commencing October, 2001 and ending during May, 2002 due to the lack of work. <u>Testimony of David Bruno</u> pp 91-95 (7/31/02). [2]

If the purpose of special education was "... to encourage exemplary practices that lead to improved teaching and learning experiences for children with disabilities, and that in turn ... result(s) in productive independent adult lives, including employment," S. Rep. No. 105-17 p. 5 (attached); then the Plaintiff is still waiting for the Defendant to fulfill its responsibility. In the meantime, Plaintiff utilized self-help measures by recognizing that the services he would need for adulthood, per Dr. Smaller's evaluation <u>Exhibit P-29,</u> could be obtained by attending the C.A.R.E.S. program at Mitchell College, including the LRC comprehensive support services for students with learning difficulties. <u>Testimony of Professor Troiano</u> pp. 89, 931, 96 (98/03). Contrary to Defendant's assertions, the Plaintiff could receive necessary, social skills training from Mitchell College if

---

[2] The Plaintiff testified that he possessed no money management skills and his

Plaintiff's behaviors occur in a classroom setting and impacts his academic ability; Testimony of Professor Troiano p. 99 (9/4/02); or obtain social skills training for behaviors occurring outside the classroom from the counseling center located on campus, Id. P. 99; and/or Mitchell College could refer the Plaintiff to local agencies such as VISTA for additional assistance and training. Id. Pp. 100-01. Thus, the Court could find that Mitchell College provided the services that the Plaintiff required per Dr. Smaller's report, Exhibit P-29, but were not provided by the Defendant, in order to live an independent adult life after high school, including being properly prepared for further educational challenges and successful employment. 34 C.F.R. §300.1(a); S. Rep. 105-17 pp. 4, 5, 22.

### III.     **CONCLUSION**

WHEREFORE, for the foregoing reasons and those presented in Plaintiff's previous Memoranda of Law, Plaintiff respectfully requests the Court to grant his Motion for Summary Judgment and award him "appropriate relief," on his IDEA

---

grandfather had to assist him with depositing his paycheck at that time. Id. @ p.91.

claims, 20 U.S.C. §1415(i)(2)(B) and proper relief on the remaining claims in the Amended Complaint.

Respectfully submitted,

PLAINTIFF

By_____
    Lawrence W. Berliner
    Klebanoff & Alfano, P.C.
    Corporate Center West
    433 South Main Street Suite 102
    West Hartford, CT 06110
    Tel. No. (860) 313-5005
    Fed. Bar No. CT 7002

**CERTIFICATION**

    This is to certify that a copy of the foregoing Motion and attached Memorandum of Law was mailed this 28th day of July, 2005 by U.S. Mail first class, postage prepaid to Attorney Valerie Maze, Assistant Town Attorney, Town Hall, 101 Field Point Road, Greenwich, CT.

_____
Attorney Lawrence W. Berliner